RIGGI BROTHERS COMPANY, INC., Respondent, v. THE BANK OF BARCELONA, Appellant, Impleaded with IRVING NATIONAL BANK OF NEW YORK and FRANCISCO VISCONTI, Defendants.

First Department, April 4, 1919.

Attachment — action by plaintiff in aid of — sufficiency of complaint — action only authorized after default by defendant — plaintiff entitled to other relief prior to default by defendant.

A complaint in a suit in aid of an attachment which alleges that the defendant is a non-resident of the State; that an attachment was issued against his property in a prior action to recover a money judgment; that said property has been sold and the proceeds are now in the hands of the defendant bank and are owing to the defendant who has no other property in the State; that the summons in the prior action was at the date of the complaint being served by publication, but which does not allege that the bank holding the money is insolvent or that there has been any fraudulent transfer, or any other special circumstances, fails to state a cause of action.

An action by a plaintiff in aid of an attachment, pursuant to sections 655 and 677 of the Code of Civil Procedure, is only authorized after the defendant has made default; but this does not bar the plaintiff from any right of action before default.

After judgment is obtained in the attachment action against the defendant in this case, the plaintiff may bring an action against the bank to establish that the indebtedness owed by it by reason of the sale and collection of the proceeds was, in fact, to the defendant.

APPEAL by the defendant, The Bank of Barcelona, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of November, 1918, denying its motion for judgment on the pleadings, consisting of the complaint and the demurrer thereto.

*Irving L. Ernst* of counsel [*Olcott, Bonynge, McManus & Ernst*, attorneys], for the appellant.

*John J. O'Connell*, for the respondent.

Smith, J.:

The plaintiff here seeks to test the sufficiency of defendant appellant's demurrer to the complaint. The order appealed from in effect overrules the demurrer. The complaint alleges the incorporation of the plaintiff and of the defendant the Irving National Bank, and that The Bank of Barcelona, defendant, is a Spanish banking corporation, having no place of business in the State of New York. It further alleges that the defendant Visconti is a non-resident of the State, and that heretofore an action was commenced against Visconti by the plaintiff to recover a money judgment for the breach of a warranty; that in that action an attachment was issued against the property of Visconti; that said attachment was delivered to the sheriff of the county of New York on the 1st day of July, 1918, " and a copy thereof and the necessary notice and of the papers upon which the same were based were served on the said day upon the Terminal Storage Warehouse Company, in the Borough of Manhattan, City of New York, and upon the Irving National Bank, in the Borough of Manhattan; " that the summons in said action was at the date of the complaint being served by publication; that at the time of the issuance of the said warrant of attachment and of the service thereof, there were in storage in the said Terminal Storage Warehouse 200 bags of almonds owned by the defendant Visconti; that said almonds were bonded, and the sheriff was unable to seize and possess the same; that since the issuance of the warrant of attachment, the plaintiff notified the defendant, the Irving National Bank, that both of said lots of almonds were the property of the said Visconti; that the proceeds of the sale of said almonds were the property of the said Visconti, and demanded that any such proceeds be held by the Irving National Bank under the said warrant of attachment, pending the determination of the said suit; that the said almonds have been sold and the proceeds thereof, amounting to about $15,000, are now in the hands of the said Irving National Bank, although

the plaintiff does not know the exact amount; that the said Irving National Bank refuses to hold the said proceeds and that the said bank alleges that some claim to said funds has been made by the defendant, The Bank of Barcelona; that the defendant Visconti has no property whatever in this State except the said almonds and their proceeds, and the plaintiff will suffer irreparable damage if the said proceeds are transferred by the Irving National Bank and that the plaintiff will be without redress in the attachment suit unless the said Irving National Bank is enjoined in this action from transferring the said funds to The Bank of Barcelona; that the said Bank of Barcelona claims some ownership or interest in the said almonds or in the said proceeds, the extent of which is unknown to the plaintiff, and that, because of the non-residence of both the defendants, The Bank of Barcelona and Francisco Visconti, the plaintiff has no remedy at law. The plaintiff then prays that it be judicially decreed that the proceeds of the said sale are the property of Visconti, subject to such reasonable banking charges as any of the other defendants may have thereon and that meantime and until the determination of this action the defendant, the Irving National Bank, be enjoined and restrained from paying over to either of the other defendants or to any other person the proceeds of said sale, and that the plaintiff have such other and further relief in the premises as to the court may seem just and proper, besides the costs and disbursements of the action.

The only claim that the plaintiff now has to the proceeds of the sale of these almonds is by virtue of an attachment lawfully procured and legally served. The proceeds of this sale are not attachable as property capable of manual delivery but only as a demand owing by the Irving National Bank to Visconti. (*Greentree* v. *Rosenstock,* 61 N. Y. 583; *Naser* v. *First National Bank,* 116 id. 492.) That this complaint fails to allege a cause of action seems to me clear for two reasons:

*First.* Section 655 of the Code of Civil Procedure provides where an action may be brought by a sheriff in aid of an attachment, and section 677 of the Code provides that such an action may be brought by the plaintiff in his own name and in the name of the sheriff in a case in which it might be brought by the sheriff under section 655 of the Code.

First Department, April, 1919.                    [Vol. 187.

But the actions there authorized can only be brought after the defendant has made default, while the complaint here alleges that publication was, at the time of the verification of the complaint, in progress, so that no default had been made by the defendant at the time of the commencement of the action. Such an action is reported in the case of *Naser* v. *First National Bank* (116 N. Y. 492). In that case a bill of exchange had been drawn by D. & Co., upon Naser, which was indorsed by said firm and delivered to McC. & Co., in London, for the purpose of being transmitted to the defendant to collect from the drawee, and McC. & Co., in pursuance of said employment, indorsed and transmitted it to the defendant in New York, where the drawee resided. Naser paid this draft to the First National Bank and immediately brought an action against D. & Co. upon a debt owing and duly served a notice of attachment upon the First National Bank, claiming that the First National Bank was indebted to D. & Co. for the proceeds of this bill of exchange which Naser had paid. After judgment in the attachment action, this action was brought against the First National Bank to have this debt declared subject to the plaintiff's attachment in the attachment action. It was held that the defendant, having made no advances to McC. & Co. on account of the draft, might be deemed to have collected it as the agent of and for the drawer, and that the claim arising from the collection was due to the latter from the defendant and not to McC. & Co., and that in the hands of the First National Bank it constituted a debt which was subject to the lien of plaintiff's attachment.

That action was held to be an action in aid of an attachment under section 677 of the Code, but the action was not brought until judgment had been obtained in the attachment action. So here after judgment is obtained in the attachment action against Visconti, the plaintiff will have the right to bring just such an action against the Irving National Bank to establish that the indebtedness owed by the bank by reason of the sale and the collection of the proceeds was, in fact, to Visconti.

*Second.* It does not necessarily follow because this action in aid of the attachment can only be brought after default as prescribed in section 655 of the Code, that plaintiff in

no instance has any right of action before default. In *People ex rel. Cauffman* v. *Van Buren* (136 N. Y. 252, 260) it was held that the court was not without jurisdiction to intervene in aid of an attachment creditor. The opinion in part reads: " The jurisdiction of a court of equity to reach the property of a debtor justly applicable to the payment of his debts, even where there is no specific lien, is undoubted. It is a very ancient jurisdiction, but will be exercised only when special circumstances exist requiring the interposition of the court to obtain possession of and apply the property."

I find no special circumstances alleged in this complaint which render necessary the interposition of a court of equity. If the Irving National Bank, having received these funds, has become a debtor to some one for the amount and if the indebtedness be owing to Visconti, then a proper service of the warrant of attachment upon the bank will hold that indebtedness and the Irving National Bank will pay that indebtedness only at its peril. There is no allegation that the Irving National Bank is insolvent, and there is no allegation of any fraudulent transfer sought to be set aside in the action. The allegation is that these moneys are owing to Visconti and if so, the plaintiff's legal right is secured by the mere service of this warrant of attachment. The judgment in the attachment action will be good as against any indebtedness owing by the Irving National Bank to Visconti, and the plaintiff has no need at this time of the equity jurisdiction of the court to prevent the bank from paying over these moneys. After judgment in the attachment action the plaintiff can get full relief in an action brought as was the *Naser Case* (*supra*), if it can prove that these moneys were owing to Visconti.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and defendant's motion to sustain the demurrer and dismiss the complaint granted, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.