ALFRED M. ERSKINE, Respondent, v. NEMOURS TRADING CORPORATION, Appellant.

**Practice — service by publication — attachment — when draft or check subject to attachment — not attachable as property of payee until delivery — when levy on draft under warrant of attachment confers no jurisdiction upon court to direct service of summons upon foreign corporation by publication.**

1. A draft or check, wherein the drawer and drawee are the same person, which has become the property of the payee is unquestionably an instrument for the payment of money upon which the holder may maintain an action (Neg. Inst. Law, § 214), and the levy of an attachment thereon would be deemed " a seizure and attachment of the debt represented thereby." (Civ. Pr. Act, § 916.)

2. Such draft or check, however, is not attachable as property of the payee until delivery thereof has been made to it or it has otherwise asserted dominion thereover. That by some act, other than that of the payee (in this case a foreign corporation not doing business in this State), the paper has been brought here is not enough to make it or the debt represented thereby an attachable cause of action in this State, and where it does not appear that such paper was ever in the actual or constructive possession of any authorized agent of the corporation or that it had asserted or exercised any dominion or claim of ownership over it, a levy thereon under a warrant of attachment conferred no jurisdiction upon the court to direct service of a summons on the corporation by publication, and a motion to vacate the service should have been granted.

*Erskine* v. *Nemours Trading Corp.*, 208 App. Div. 835, reversed.

(Argued September 29, 1924; decided October 14, 1924.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 11, 1924, which affirmed an order of Special Term denying a motion to vacate service by publication of the summons and complaint in the above-entitled action.

The following question was certified: " Did the levy under the warrant of attachment herein confer jurisdiction upon the court to make the order entered herein on the 23d day of June, 1923, directing service of the summons upon the defendant by publication."

*James Adam Murphy* for appellant. Service by publication is invalid without jurisdiction at the time over a *res. (Helme* v. *Buckelew,* 229 N. Y. 363; *Bryan* v. *University Publishing Co.,* 112 N. Y. 382; *Paget* v. *Stevens,* 143 N. Y. 172; *Rich* v. *St. John,* 205 App. Div. 24; *Pennoyer* v. *Neff,* 95 U. S. 714; *Freeman* v. *Alderson,* 119 U. S. 185; *Riverside Mills* v. *Menefee,* 237 U. S. 189.) The court has no jurisdiction over the defendant because no property has been attached. *(Straus* v. *Chicago Glycerine Co.,* 46 Hun, 216; 108 N. Y. 654; *Nat. Broadway Bank* v. *Sampson,* 179 N. Y. 213; *Plimpton* v. *Bigelow,* 93 N. Y. 592; *Fourth Street Nat. Bank* v. *Yardley,* 165 U. S. 634–643; *Ætna Nat. Bank* v. *Fourth Nat. Bank,* 46 N. Y. 82; *Duncan* v. *Berlin,* 60 N. Y. 151; *Eastman* v. *Shaw,* 65 N. Y. 522; *Cowing* v. *Altman,* 71 N. Y. 435; *Wilcox* v. *Corwin,* 117 N. Y. 500; *Kinne* v. *Ford,* 52 Barb. 194; 43 N. Y. 587.)

*William J. Reid* for respondent. A warrant of attachment may be levied upon an instrument for the payment of money only and a levy thereon is a levy upon the debt represented thereby. (Civ. Pr. Act, § 916; *Potter* v. *Merchants Bank,* 28 N. Y. 641; *Thayer* v. *Manley,* 73 N. Y. 308; *Boston Nat. Reserve Bank* v. *Republic Nat. Bank,* 172 N. Y. 108.) The Commercial Bank of Spanish America, Ltd., having qualified as a foreign banking corporation under the laws of the State of New York, and doing busi-

ness in New York, can be sued by appellant in New York and any indebtedness of said bank to appellant constitutes property within this jurisdiction and subject to attach- ment. (*Pavenstedt* v. *N. Y. Life Ins. Co.*, 203 N. Y. 91; *Harris* v. *Balk*, 198 U. S. 215; *Bridges* v. *Wade*, 113 App. Div. 350; *Nat. Broadway Bank* v. *Sampson*, 179 N. Y. 214; *Flynn* v. *White*, 122 App. Div. 780; *Morgan* v. *Mut. Benefit Life Ins. Co.*, 189 N. Y. 447; Gen. Corp. Law, § 47.)

POUND, J. Plaintiff, a former employee of defendant, sues on contract. Defendant is a Delaware corporation not doing business in the State of New York. Its office and place of business are located at Wilmington, Delaware.

The motion is to set aside service of defendant by publication granted by virtue of an alleged attachment of property (Civil Practice Act, § 232, subd. 6), on the ground that no property of defendant has been attached or brought within the jurisdiction of the court.

" The attachment may * * * be levied upon a cause of action arising upon contract; including a bond, promissory note, or other instrument for the payment of money only * * * which belongs to the defendant and is found within the county." (Civil Practice Act, § 916.) The attachment was levied upon a paper writing which reads as follows:

" No. B478        CARACAS, *January 10th*, 1923.
    "COMMERCIAL BANK OF SPANISH AMERICA
            "LIMITED
        " 49 Broadway, New York
   "Pay to the order of Nemours Trading Corp. Two thousand seven hundred and Forty-eight........Dollars
     "COMMERCIAL BANK OF SPANISH AMERICA,
          " LIMITED
        "CARACAS BRANCH      ))
" $2,749.00 /100        J. F. BINNIE, Manager.
           " RAY Y. LAIDLAW, Accountant
" This draft must be signed on the back by the party to whom it is made payable."

This paper was found within the county of New York in the possession of the Commercial Bank of Spanish America which received it from plaintiff, but it does not appear that it was ever in the actual or constructive possession of any authorized agent of defendant, or that defendant had asserted or exercised any dominion or claim of ownership over it. If it had, when attached, become the property of defendant, it would have been unquestionably an instrument for the payment of money upon which the holder might maintain an action (Negotiable Instruments Law [Cons. Laws, ch. 38], § 214), and the levy of the attachment would be deemed " a seizure and attachment of, the debt represented thereby." (Civil Practice Act, § 916.)

The material question is, however, whether defendant had become the holder of the instrument when the attachment was levied. It does not appear that defendant had accepted delivery thereof in the State of New York. If tender of delivery had been made to some representative of defendant in the State of New York, he might properly have insisted that delivery be made at the office of the corporation. He would not be bound, even if authorized, to create attachable property in the State of New York. The debtor could not insist upon acceptance. It was or was not a cause of action in the county of New York as defendant might elect, but no election had been made.

That by some act other than that of defendant the paper has been brought into the State of New York is not enough to make it or the debt represented thereby an attachable cause of action in this State. It is for purposes of attachment inchoate until delivery has been made to defendant or defendant has otherwise asserted dominion over it. Neither the drawer of the instrument nor the attaching creditor nor the bank may impress it with the character of being defendant's property. It follows that defendant was not the holder of the instru-

ment when the attachment was levied and that it was not attachable as property of defendant.

The orders should be reversed, with costs in all courts, and motion to vacate service of summons granted, with ten dollars costs of motion. Question certified answered in the negative.

HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; LEHMAN, J., absent.

Orders reversed, etc.