MARIE E. BATTLE, Plaintiff, *v.* CENTRAL LUMBER COMPANY, Defendant.

Supreme Court, New York County, August 6, 1925.

Attachment — vacation — motion to vacate warrant of attachment of debt represented by trade acceptance owing to defendant — warrant of attachment vacated where defendant was not holder of said acceptance upon issuance of said warrant.

A warrant of attachment levied on a trade acceptance given to defendant should be vacated, where it appears that at the time of the issuance of said warrant the defendant was not the holder of said acceptance. Moreover, since the court is without jurisdiction, the service of the summons and complaint made with the attachment must be vacated. The fact that the trade acceptance came into defendant's possession subsequently does not cure the defect of jurisdiction.

MOTION by the defendant to vacate a warrant of attachment and set aside the service of the summons and complaint made outside the jurisdiction, pursuant to an order of this court.

*Freudenberg & Mattaick,* for the plaintiff.

*Randolph C. Coleman,* for the defendant.

LEVY, J.:

Plaintiff has brought the action against an alleged foreign corporation, which, as a matter of fact, is a copartnership. As the contract for breach of which this action is brought recites that the defendant is a Virginia corporation and all other transactions between the parties were conducted with the understanding that the defendant was a corporate entity, there would seem to be a clear case of estoppel to bar the defendant from raising this objection. (*Castle* v. *Lewis*, 78 N. Y. 131; 14 C. J. 235, 247.) But the other objection raised is more serious. It is claimed that the property attached, an alleged debt owing by the Havana Trading Company to the defendant did not belong to the latter. Prior to the levy the evidence of the debt, in the form of a trade acceptance, was transferred to a Virginia bank, apparently a holder in due course. At the time of such levy this instrument was not yet due, but thereafter it was presented for payment to the Havana Trading Company and protested. At the time of the attachment the defendant clearly was not the holder of the trade acceptance. (*Fourth National Bank of Montgomery, Ala.,* v. *Bragg,* 127 Va. 47.) The fact that thereafter it may have come into possession of the instrument by taking it up from the bank, a point which is by no means clearly established, does not cure the defect of jurisdiction. The attachment must, therefore, be vacated, and with it the service of the summons and complaint. (*Erskine* v. *Nemours Trading Corporation,* 239 N. Y. 32.) Settle order on notice of one day.