ALEXANDER W. KORYTKOWSKI and Another, Respondents, v.
BOLESLAW GRENIEWICKI, Defendant, Impleaded with JULIA
KREMPA, Appellant.

Fourth Department, April 1, 1927.

Attachment — action by plaintiff and marshal under Civil Practice Act,
§ 943, to recover property attached — levy on check held by creditor of
judgment debtor essentially complete under Civil Practice Act, § 917,
subd. 3 — Civil Practice Act, § 969, subd. 3, providing for double damages,
not applicable — creditor not relieved from liability by subsequent
payment to defendant — stipulation that action was under Civil Practice
Act, § 969, subd. 3, disregarded.

In an action in the City Court of Buffalo to recover alleged real estate commissions,
the city marshal, a warrant of attachment having been granted, delivered a
certified copy to a creditor of the defendant together with a notice that a certain
part of the indebtedness was thereby levied upon and attached.   The marshal
subsequently signed what he called an inventory, in which he stated that a
check, exhibited to him by the creditor, was the property upon which he levied.
The marshal then returned said inventory, together with the warrant of attach-
ment and a copy of the notice given to the creditor, together with a certificate
to the effect that he had levied upon the goods and chattels of the defendant
specified in the inventory.

In an action by the plaintiff in the aforesaid action and the city marshal, brought
against the creditor, under section 943 of the Civil Practice Act, to recover the
property attached, it must be held that the marshal levied the attachment upon
the demand due from the defendant in this action, as provided in subdivision 3
of section 917 of the Civil Practice Act.   While the marshal evidently did not
obtain the certificate from the defendant, as provided in section 918 of the Civil
Practice Act, and did not make out a proper inventory as provided in section
921, nevertheless, the essential elements of the levy itself were complete, and a
cause of action in favor of the plaintiffs and against the defendant, for the
amount stated in the attachment, was established.

The provisions of subdivision 3 of section 969 of the Civil Practice Act, providing
for double damages, are not applicable.

The fact that the defendant paid the judgment debtor the entire debt which she
owed, including the part which had been attached, in no way affected the plain-
tiffs' right to collect the portion of the debt covered by the attachment.

A stipulation made by counsel, at the beginning of the trial in the City Court, to
the effect that the action was one under subdivision 3 of section 969 of the Civil
Practice Act, should be disregarded.

APPEAL by the defendant, Julia Krempa, from a judgment of the
Erie Special Term of the Supreme Court in favor of the plaintiffs,
entered in the office of the clerk of the county of Erie on the 20th
day of March, 1926, modifying and affirming as modified, a judgment
of the City Court of Buffalo.   (See Buffalo City Court Act [Laws
of 1909, chap. 570], § 55, as amd. by Laws of 1916, chap. 428; Sup.
Ct. Rules, Erie Co., rules 15, 16.)

*Francis W. Cullen,* for the appellant.

*Charles Oishei,* for the respondents.

SEARS, J. The plaintiff Korytkowski heretofore brought an action in the City Court of Buffalo against Boleslaw Greniewicki to recover a sum of money claimed to be due him for real estate commissions. In that action Korytkowski obtained a warrant of attachment. The plaintiff Stark, the marshal of the City Court, to whom the warrant of attachment was delivered for the purpose of making a levy, having found that Julia Krempa, the defendant in this case, was indebted to Greniewicki in the sum of $1,700, delivered to Krempa a certified copy of the warrant of attachment, together with a notice " that the amount of four hundred and eighty dollars, a part of the indebtedness due by you [Krempa] to the said Boleslaw Greniewicki, defendant, is hereby levied and attached, and I demand a certificate of the amount so due to the defendant Boleslaw Greniewicki in accordance with Civil Practice Act of the State of New York."

At the time that the marshal delivered to the defendant Krempa the certified copy of the warrant of attachment and the notice, the defendant Krempa exhibited to the marshal a manager's check of the Broadway National Bank drawn to the order of Julia Krempa for the sum of $1,700 and the defendant stated to the marshal that she had intended to use this check to pay her indebtedness to Greniewicki. Subsequently the marshal signed what he called an inventory in which he stated that this check was the property which he had levied upon and that its value was $1,700. The marshal then returned this inventory, together with the warrant of attachment and a copy of the notice given to the defendant Krempa, to the City Court with a certificate to the effect that he had levied upon the goods and chattels of the defendant Greniewicki specified in the inventory. Greniewicki defaulted in the action brought by the plaintiff against him and a judgment was granted in favor of the plaintiff and against Greniewicki for $520.70 damages and costs.

An execution having been issued upon this judgment, the marshal who had levied the attachment went to the defendant Krempa to collect the judgment out of the attached property and was then told by her that she had cashed the check for $1,700 and paid Greniewicki the entire sum due him from her. The execution against Greniewicki was returned unsatisfied and with the permission of the court this suit was instituted in the City Court of Buffalo. The provisions of the Civil Practice Act having reference to actions in the Supreme Court are applicable to actions in the

City Court of Buffalo. (Laws of 1922, chap. 142, amdg. Buffalo City Court Act [Laws of 1909, chap. 570], § 56, as amd.) In the City Court, judgment was granted to the plaintiff Korytkowski against the defendant Krempa for $620.70 and costs, the recovery being made up of $520.70, the amount of the judgment obtained by the plaintiff against Greniewicki in the former action and $100 added because of the provisions of subdivision 3 of section 969 of the Civil Practice Act to the effect that " a person who wilfully conceals or withholds such property [personal property attached belonging to the defendant] from him [the sheriff] is liable to double damages at the suit of the party aggrieved."

Both parties appealed to the Special Term of. the Supreme Court where the judgment was modified by increasing the recovery to the sum of $960 and costs. The sum of $960 is twice the amount of the portion of the debt owing Greniewicki by defendant Krempa upon which the marshal levied as stated in his notice to the defendant Krempa.

We are of the opinion that the marshal levied an attachment upon the demand due from the defendant Krempa to the amount of $480 as provided in section 917, subdivision 3, of the Civil Practice Act. While the marshal evidently did not obtain the certificate from the defendant Krempa as provided in section 918 of the Civil Practice Act and did not make out a proper inventory as provided in section 921 of the Civil Practice Act showing the debt attached, nevertheless the essential elements of the levy itself were complete. A cause of action in favor of the plaintiffs and against the defendant Krempa for the sum of $480 under the provisions of section 943 of the Civil Practice Act has been established.

The provisions of section 969, subdivision 3, of the Civil Practice Act, quoted above, are not applicable. There was no levy on personal property capable of manual delivery as provided in section 917, subdivision 2, of the Civil Practice Act. The check was not the property of Greniewicki. Greniewicki had no interest in it. It belonged solely to the defendant Krempa. Under the circumstances the marshal could not lawfully have levied upon it. (*Erskine* v. *Nemours Trading Corp.*, 239 N. Y. 32.) It is immaterial, therefore, that the defendant Krempa cashed the check. The fact that the defendant Krempa paid Greniewicki the entire debt which she owed including the part of it which had been attached in no way affected the plaintiff's right to collect from the defendant Krempa the portion of that debt covered by the attachment. The payment by Krempa of her debt to Greniewicki was made at her peril. The levy fully protected the attaching creditor. He had the same right and cause of action against her under section 943 of the Civil

Practice Act, whether she had paid Greniewicki or not. As to the plaintiffs, her payment to Greniewicki was wholly void. (*Riggi Bros. Co.* v. *Bank of Barcelona,* 187 App. Div. 213.)

Our conclusion is, therefore, that the plaintiffs are entitled to recover of the defendant Krempa the sum of $480, with interest from April 24, 1923, the date of the issuance of the execution against Greniewicki.

We have not overlooked the stipulation made by counsel at the beginning of the trial in the City Court to the effect that the action was one under section 969, subdivision 3, of the Civil Practice Act. We think, however, that this stipulation should be disregarded in the interests of justice because all the facts are before the court and further litigation should be avoided, if possible.

The judgment of the Special Term should be reversed and judgment of the City Court modified by reducing the amount of the recovery to $535.76 as of April 1, 1925, the date of the judgment of the City Court, and the judgment of the City Court, as so modified, should be affirmed, without costs in the Special Term or in this court.

All concur. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment of the Special Term reversed on the law and judgment of the City Court modified by reducing the amount of the recovery to $535.76 as of April 1, 1925, the date of the judgment of the City Court, and as so modified affirmed, without costs in the Special Term or in this court.