BLANCH STEESE, Executrix of the Will of ADELINE G. STEESE, Plaintiff, *v.* MAE STEESE, Defendant.

Supreme Court, Steuben County, June 18, 1931.

*Sebring & King [E. C. Carpenter* of counsel], for the plaintiff.

*Mandeville, Waxman, Buck, Teeter & Harpending [Fred H. Jeffers* of counsel], for the defendant, appearing specially.

PERSONIUS, J. The defendant being a non-resident, the plaintiff obtained a warrant of attachment and claims to have levied upon property of the defendant on or about April 14, 1931. Subsequently the summons was served personally without the State. This motion is to set aside such service.

Subdivision 6 of section 232 of the Civil Practice Act provides for an order of service by publication " where it appears by affidavit that a warrant of attachment, granted in an action, *has been levied* upon property of the defendant within the state." Section 235 of the Civil Practice Act provides in part that " where it appears by affidavit filed in the action or as part of the judgment roll of such action that a warrant of attachment, granted in the action, *has been levied* upon property of the defendant within the state, the summons may be served without an order."

It will be noted that the *levy* upon property of the defendant is, under each section, a condition precedent either to the granting of an order of publication or to service without the State without an order. The defendant appearing specially upon this motion urges that such levy had not been made and, therefore, the attempted service of the summons was void.

To sustain such service or order for service there · must be affirmative proof of the levy. (*Dimmerling* v. *Andrews*, 236 N. Y. 43, 46; *Cole* v. *Nash Motors Co.*, 131 Misc. 922, 923.) In the *Dimmerling* case the Court of Appeals traced the history of the question and said: " Whatever may have been the former rule now no order of publication in an action to recover a sum of money only against a non-resident may be made except upon proof that his property *has been seized.*"

It appears that the defendant filed a claim in the bankruptcy proceeding of Charles J. Steese, which proceeding was pending in Steuben county. Her claim was allowed and an order made by the referee for the payment to her of a substantial dividend; the

trustee drew a check to the defendant for this dividend, pursuant to the order of the court, and the check was countersigned by the referee. Concededly the check was *not delivered* to the defendant, either personally or by mail, but remained in the hands of the trustee until attached. We will assume that when the order for the dividend was granted and entered, the defendant had property in the State of New York which consisted of the " demand " against the trustee, and that the check was an " instrument for the payment of money." The method of making a levy under a warrant of attachment upon either an " instrument for the payment of money " or a " demand " is prescribed by subdivisions 2 and 3 of section 917 of the Civil Practice Act. A levy upon such an instrument is made " by taking the same into the sheriff's actual custody " and delivering to the person from whom it is taken a " copy of the warrant and of the affidavits." A levy is made upon property which " consists of a demand " (not capable of manual delivery) " by leaving a *certified* copy of the warrant, and a *notice* showing the property attached * * * with the person against whom it [the demand] exists."

The Legislature drew a marked distinction between the levy upon a chose in action (1) evidenced by some paper capable of manual delivery, and a chose in action (2) not evidenced by such a paper but consisting merely of a demand; as to the former, the levy is made by taking manual possession of the paper and leaving a plain copy of the warrant and affidavits, while as to the latter, it is made by leaving a *certified* copy of the warrant and a *notice* of the property attached.

In the instant case was the undelivered check property which was subject to attachment? Did the sheriff make a legal levy upon the *demand* which the defendant had against the trustee in bankruptcy for the declared dividend?

Under the authorities, it seems plain that an undelivered check is not subject to levy under a warrant of attachment. (*Erskine* v. *Nemours Trading Co.*, 239 N. Y. 32; *Dos Passos* v. *Morton*, 218 App. Div. 154.) It would appear that the sheriff attempted to levy on the check and made no levy, and indeed did not attempt to levy upon the demand of the defendant against the trustee in bankruptcy. The plaintiff's complaint did allege that there was due to the defendant from the trustee in bankruptcy the amount of the dividend and said nothing about a check. However, nowhere does it appear that the sheriff delivered a certified copy of the warrant or any notice showing the property attached, to the trustee in bankruptcy. The service of both was essential to the levy upon the demand. The sheriff's return states that he has

seized and taken into his possession " the property of the defendant * * * specified in the inventory hereto annexed." The inventory states: " I * * * hereby certify that the following is a true inventory of all the property seized by me * * * together with a statement of the paper taken into the custody of the said sheriff on said warrant * * *

" 1. dividend check made * * * by Clarence H. Brisco as Trustee in Bankruptcy * * *."

The sheriff makes no mention of any levy upon a demand but certifies that he levied upon a check which was taken into his possession. The affidavit of the attorney for the plaintiff states " that an inventory of the property attached * * * was duly filed * * *."

We have stated that the plaintiff must affirmatively show that a levy had been made prior to the service of the summons, in order to sustain the service. The defendant here affirmatively shows that the levy was made upon the check, which was not subject to such a levy, and fails to show any levy or attempt to levy upon the demand against the trustee in bankruptcy, assuming that such a demand could be levied upon.

The conclusion in the affidavit of the plaintiff's attorney that the sheriff " has levied upon certain property of the defendant " is not sufficient. (*Cole* v. *Nash Motors Co.*, 131 Misc. 922, 923.)

The plaintiff cites *Korytkowski* v. *Greniewicki* (220 App. Div. 237). This authority seems to us to be the reverse of the present situation. The levy was upon a demand due the defendant from Krempa. Krempa exhibited a check, stating it was intended to pay the indebtedness to the defendant. The sheriff did not take the check but gave Krempa a *certified* copy of the warrant, together with a *notice* that he was levying upon a part of the indebtedness due the defendant by Krempa. The sheriff filed an inventory stating that he had levied on the check. It is apparent that the levy upon the indebtedness (demand) was made in literal compliance with subdivision 3 of section 917 of the Civil Practice Act, but that the sheriff's statement in his inventory was erroneous and the court held that the sheriff had properly levied " upon the demand " but " did not make out a proper inventory." In the present case the sheriff apparently did make out a proper inventory, did take possession of the check and did not levy upon the demand.

In effect the *Korytkowski* case is an authority for the defendant here.

The Legislature may have had in mind that when an instrument for the payment of money was levied upon by taking it into the

sheriff's possession, the person from whose possession it was taken necessarily knew of the levy and what it covered; but that where an intangible demand was levied upon, the person against whom it existed should have written notice from the sheriff advising him of the levy and what it covered. Whatever the Legislature had in mind, it plainly stated the essential steps to a valid levy upon the respective forms of property. Failure to comply results in failure of jurisdiction. These provisions should be substantially followed and not waived by the court, especially where they are jurisdictional steps.

Motion granted.