MOSCOW FIRE INSURANCE COMPANY OF MOSCOW, RUSSIA, and PAUL LUCKE, as Sole Surviving Director of Moscow Fire Insurance Company of Moscow, Russia, and Conservator of Its Property, Respondents, *v.* HECKSCHER & GOTTLIEB and Others and BAZILE GARTOUNG, Appellants, and BANK OF NEW YORK AND TRUST COMPANY, as Agent or Depositary of Said Moscow Fire Insurance Company of Moscow, Russia, and of Said Paul Lucke, as Surviving Director and Conservator, and Others, Respondents.

SAMUEL E. MORRO and Others, in Behalf of Themselves and All Other Stockholders of Moscow Fire Insurance Company of Moscow, Russia, Respondents, *v.* MOSCOW FIRE INSURANCE COMPANY OF MOSCOW, RUSSIA, and Others, Defendants.

(Consolidated Appeals.)

First Department, November 22, 1940.

*Hartwell Cabell* of counsel [*Frederic Pitcher, Chester W. Davis* and *Osmond K. Fraenkel* with him on the brief; *Cabell & Cabell, Engelhard, Pollak, Pitcher, Stern & Clarke, Chester W. Davis* and *Osmond K. Fraenkel,* attorneys], for the appellants.

*Paul C. Whipp* of counsel [*Lounsbury D. Bates* with him on the brief; *Campbell & Whipp,* attorneys], for the respondent Paul Lucke, as sole surviving director, etc.

*Borris M. Komar,* for the respondents Samuel E. Morro and others.

DORE, J. By this appeal we are asked to determine whether appellants, judgment creditors of the Moscow Fire Insurance Company, of Moscow, Russia, are entitled to interest on amounts awarded them from the date of the judgment to the date of payment. The referee to whom the issues were referred to hear and determine denied the creditors any interest whatever. They appeal from the judgment determining that interest is not recoverable.

This litigation is another phase of the distribution of the assets of the United States branch of the Moscow Fire Insurance Company of Russia, which was taken over by the Superintendent of Insurance for liquidation in 1925. At the conclusion of the liquidation the surplus was by direction of the Court of Appeals paid to defendant Bank of New York and Trust Company as custodian, subject to the further order of the court (*Matter of People* [*Moscow Fire Ins. Co.*], 255 N. Y. 433), and the surplus was so paid over and deposited with the bank on April 18, 1933. These actions, begun to determine disposition of the remaining fund, were consolidated, and, after a hearing, judgment was entered on August 22, 1934, on the report of the referee, providing for distribution of a large part of the fund, including the awards to appellants herein as creditors. The judgment, as entered, in some instances provided for payment of interest covering periods prior to the entry of the judgment, and in others denied such interim interest. On this appeal no question regarding interim interest arises. As to these appellants there was no finding or direction in the judgment with regard to payment of interest between the judgment entry and the date of its satisfaction.

On the day the judgment was entered in August, 1934, the United States of America began an action in the United States District Court, Southern District of New York, claiming the entire fund as

assignee of the Russian Soviet government, and procured an injunction against payment of the awards under the judgment, including the awards to appellants. Such injunction continued until the Supreme Court of the United States finally affirmed dismissal on the merits of the United States government's claim after a trial in the Supreme Court of this Department, and after affirmance of the judgment of dismissal in this court and the Court of Appeals, in an action in which the United States was permitted to intervene as claimant of the entire fund. (*Moscow Fire Ins. Co.* v. *Bank of New York & Trust Co.,* 253 App. Div. 644; affd., 280 N. Y. 286; affd., 309 U. S. 624; rehearing denied, Id. 697.) That final determination was not made until March 25, 1940. Hence, from August 22, 1934, until March 25, 1940, defendant bank and all parties to the action were prevented by judicial compulsion from complying with the judgment and either paying or receiving the awards thereunder. During that period the funds held in possession of the Bank of New York and Trust Company, as custodian, earned interest on the whole fund at an average rate of .132 per cent.

Appellants, claiming interest at the legal rate on their awards from the date of judgment, August 22, 1934, to the date of payment thereof, rely on the first sentence of section 481 of the Civil Practice Act, which reads as follows:

" § 481. Judgment to bear interest. A judgment for a sum of money rendered in a court of record or not of record, or a judgment rendered in a court of record directing the payment of money, bears interest from the time when it is entered."

Appellants contend that this statute is clear, not open to construction, and must be literally enforced by the courts unless the creditor by some act of his own, by waiver or estoppel, has barred the exercise of his legal rights; and contend that there is no such waiver or estoppel here.

The referee held that where there is judicial compulsion, or the fund is deposited subject to the order of the court, and no one has had any use thereof and it has produced only a nominal income, no obligation to pay interest arises, and cited in his opinion numerous cases, including *Matter of Moscow Fire Ins. Co.* v. *Bank of New York & Trust Co. (Imchanitzky)* (252 App. Div. 722). Appellants contend the cases cited are not controlling and point out that the decision deprives the creditors of their legal right to interest without any fault on their part or any act that could be construed as a cause of delay, waiver or estoppel, and thus penalizes creditors for the benefit of stockholders who, while equal'y innocent of the delay, are entitled to receive only what is left after creditors have

been paid in full with interest where the assets are sufficient to pay interest.

It is undoubtedly the law in liquidation proceedings that if the assets are sufficient to pay the creditors' claims in full with interest, interest is allowable. (*People* v. *Merchants' Trust Co.*, 187 N. Y. 293, 297, 298.) But we think that case and other liquidation cases relied on by appellants are not here controlling  In such cases the debtor was in default in not paying his creditors.  Here the conservator and the depositary admitted the claims of appellants and were ready and willing to pay them.  The litigation which delayed the payment came from other sources, viz., a claim of the United States alleged to be paramount to the claims of all creditors.

We have already passed upon an identical interest claim on an award made under this very judgment.  (*Matter of Moscow Fire Ins. Co.* [*Imchanitzky*] v. *Bank of New York & Trust Co.*, *supra*.)  The record in that case showed that Dr. Imchanitzky, the claimant therein, had expressly reserved his right to claim interest when the principal granted to him under the judgment was paid in full and no waiver or estoppel was involved.  The Special Term granted his motion for an order directing payment of interest on the amount of the award from August 22, 1934, the date of judgment, to February 11, 1937, the date of payment.  This court unanimously reversed that order without opinion (252 App. Div. 722).

Appellants contend that the *Imchanitzky* matter is not controlling because subsequently this court affirmed an order of Special Term granting preferential payment to another judgment creditor, Vladimir A. Miller, under this same judgment, with interest from the date of its rendition to the date of payment.  (*Moscow Fire Ins. Co.* v. *Bank of New York & Trust Co.* [*Miller*], 253 App. Div. 710.)  An examination, however, of the record and the briefs in that case shows that the question of interest was not in any way argued or raised as an issue on the original application or on the appeal.  The judgment in Miller's case directed payment of interest, and in that respect differed from the judgment in favor of Dr. Imchanitzky, which had no such proviso.  The only question raised and litigated in the *Miller* appeal was whether Miller had a preferred status as a conservation claimant, and as such was entitled to be paid before final determination of the claim of the United States government.  Indeed, there was no opposition to the payment to Miller, except by the government, whereas, in the case of Dr. Imchanitzky the sole issue presented was the question of interest which was denied at the legal rate of six per cent.  On the main issue in this appeal that case is controlling.

It is to be noted, however, that there was no proof in that record of the actual rate of interest earned. Such proof is supplied in this proceeding.

We think that the claims for interest are not within the purview of section 481 of the Civil Practice Act. In spite of section 481, the running of interest on a judgment may be stopped by a tender (*Wheelock* v. *Tanner*, 39 N. Y. 481, 504) or by payment of a special deposit into court. We think the same rule applies when the debtor is restrained from paying by an injunction not occasioned by the debtor's act or omission.

In *Wheelock* v. *Tanner* (*supra*) the court said: " The general principle, that interest is recoverable upon past due obligations for the payment of money, depends upon the debtor being in default. (*Rensselaer Glass Factory* v. *Reid*, 5 Cow. 611.) Interest is not a part of the debt, but something added to it by way of damages for the detention of the debt (*Stevens* v. *Barringer*, 13 Wend. 640), and while the obligation of debt remains, notwithstanding there may be circumstances when it is unlawful for the debtor to pay it for a time, yet the duty to pay still continues. Not so with the interest. It may be laid down as a general rule, that, whenever the law prohibits the payment of the principal, interest during the existence of the prohibition is not demandable." And the court added: " This rule applies during the continuance of a status of war, where the party is restrained by injunction, or by attachment, from making the payment. (*Conn* v. *Penn*, 1 Pet. C. C. 524; *Hoon* v. *Allen*, 2 Dall. [Pa.] 102; *Stevens* v. *Barringer*, 13 Wend. 639; *Branthwait* v. *Halsey*, 4 Halst. 3; [*Prescott* v. *Parker*] 4 Mass. 170; [*Fitzgerald* v. *Caldwell*] 2 Dall. [Pa.] 215; 1 Yeates, 274.) "

In *O'Brien* v. *Young* (95 N. Y. 428) the Court of Appeals (per EARL, J.) said: " By the decided weight of authority in this State; where one contracts to pay a principal sum at a certain future time with interest, the interest prior to the maturity of the contract is payable by virtue of the contract, and thereafter as damages for the breach of the contract." (Citing cases.)

The statute fixing the time for the running of interest upon judgments allows the interest as damages to indemnify the creditor for non-payment of liquidated pecuniary liabilities when they should have been paid. (*Donnelly* v. *City of Brooklyn*, 121 N. Y. 9, 19.)

The conservator, the depositary and the debtor were in no default and should not be charged with legal interest given by section 481 of the Civil Practice Act as damages for a default.

The judgment in question merely directed specific payments from a particular fund in the hands of the depositary as stakeholder, and in the position of funds paid into court, which bear no interest in any event in excess of the rate actually earned.

(*Friede* v. *National City Bank*, 250 N. Y. 288, 295.) The evidence shows that the earnings on the entire fund of over $1,000,000 during the period from August 22, 1934, to May 15, 1940, were only $7,905.86, at the rate of .132 per cent on the entire fund. The contention of these appellants, representing about $80,000 of claims out of the total fund, that in any event they should be awarded the entire interest, is wholly without merit. If interest is allowed at all it should be only at the rate earned. Since this is the first proceeding in which the amount of interest actually earned has been before the court, we think that the appellants should be awarded interest on the amount of their respective claims from the date of judgment to the date of payment thereof at the rate actually earned, to wit, .132 per cent.

For the reasons stated the judgment appealed from should be modified as indicated in the opinion, and, as so modified, affirmed, without costs.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Judgment unanimously modified as indicated in opinion, and, as so modified, affirmed, without costs. Settle order on notice.