## (June 15, 1954.)

HUGH K. BENNETT et al., Respondents, *v.* IRVING TRUST COMPANY, Appellant.

*Per Curiam.* The trial court was justified on the evidence submitted in finding in favor of plaintiff. The judgment should be modified, however, in respect to interest, which should run only from the date of the entry of judgment. Plaintiffs were not entitled to the proceeds of the attachment until judgment was entered (Civ. Prac. Act, § 969, subd. 1), and are not entitled to recover in this action in aid of the attachment more than they could collect from the Sheriff upon entry of the judgment (*Friede* v. *National City Bank,* 250 N. Y. 288; *Korytkowski* v. *Greniewicki,* 220 App. Div. 237). The Sheriff would neither have received nor paid interest on the amount attached if it had been paid over to him on service of the warrant, and plaintiffs are not entitled to the interest they would not have received merely because the funds were not paid over to the Sheriff upon demand and an action in aid of the attachment was required to determine ownership of the funds attached.

As modified by the elimination of interest up to the time of entry of judgment, the judgment should be affirmed, without costs.

CALLAHAN, J. (dissenting). I dissent insofar as the judgment is affirmed, and vote to reverse the same and order a new trial. The actual facts as to any transfer of the seller's rights from Irfan to Ifco, and as to whether Banque

Melli for a valuable consideration became the owner of the drafts involved before any attempt to attach them took place, remain beclouded and uncertain. Plaintiffs had the burden of proof on the issue that there was property in defendant's hands belonging to Irfran. They preferred to rest on inferences, including those to be drawn from a certificate apparently issued in error by the defendant bank. They made no effort to probe into the transactions between the parties abroad. In my opinion, upon the present record, particularly Exhibit H, which is a letter written before the service of the attachment, and the documents enclosed therein, the trial court was not warranted in finding that the drafts remained the property of Irfran. In the interests of justice a new trial should be had.

BREITEL, J. (dissenting in part). I dissent in part and vote to affirm the judgment in all respects on the ground that section 969 of the Civil Practice Act is not applicable. That section deals with the obligations of the Sheriff to pay over to the judgment creditor after the judgment creditor recovers judgment. This action is one brought in aid of attachment apparently under section 922 of the Civil Practice Act. (But see Civ. Prac. Act, § 943.) In form it is an action by the Sheriff and the judgment creditor against the holder of property belonging to the judgment debtor. Such third party is not entitled to retain moneys, held to have been due, free of interest. The ordinary rules with regard to liability of interest on claims sounding in contract are applicable (Civ. Prac. Act, § 480). It may be, but that is not the situation here, that in an action brought under section 922 of the Civil Practice Act the aggregate judgment should not exceed the judgment recovered by the judgment creditor in the main action, because then there would be a surplus to which neither the Sheriff nor the judgment creditor would be entitled. That question is not before us. In the instant case the amount of the judgment recovered in the main action was $91,985.59 and the judgment recovered in this action in aid of the attachment, inclusive of the interest, is but $81,046.54. The rule applied in *Friede* v. *National City Bank* (250 N. Y. 288, 295), limiting interest to that earned on the attached fund, would seem to be confined to a situation where there has been contract for a rate of interest, in that case 2%. Similarly, *Moscow Fire Ins. Co.* v. *Hechscher & Gottlieb* (260 App. Div. 646, affd. 285 N. Y. 674) held that no interest was to be added in excess of the amount actually earned on the fund, but that case is hardly applicable, because payment from the fund was restrained by injunction.

The case of *Korytkowski* v. *Greniewicki* (220 App. Div. 237) involved an unusual situation, and the appellate court resolved the problem by a pragmatic solution. The marshal had made an erroneous levy and followed it with an equally erroneous inventory. However, it was quite clear that the third party had improperly paid the debt to the judgment debtor after full notice of what the attachment was supposed to encompass. The appellate court cleared up the resulting fiasco by holding the third party liable for the amount she had owed the judgment debtor and allowed interest from the date of the creditor's judgment. At no time had the marshall demanded the payment of the amount of the debt to him, and consequently there could be no basis in reason or law to allow interest from the date of the attachment, which was defective in any event. In our case, the Sheriff standing in the shoes of the creditor of the third party demanded payment and the bank refused without basis. Nor did the bank elect to pay the money into court or use any other means available to a stakeholder to relieve itself of liability. Instead it chose to hold on to the

money which it was on any theory no longer entitled to hold. Consequently, interest should run from the date of the demand on the bank, in accordance with the usual principles of contract.

Peck, P. J., Dore and Bergan, JJ., concur in *Per Curiam* opinion; Callahan, J., dissents and votes to reverse and order a new trial, in opinion; Breitel, J., dissents in part, in opinion.

Judgment modified in accordance with the opinion herein and, as so modified, affirmed, without costs. Settle order on notice.