Tilzer, J.
This court rendered its decision on August 23,1955 (N. Y. L. J., Aug. 23,1955, p. 3, col. 5). The plaintiff submits a proposed judgment which includes interest in his favor from date of the breach of the convenant and also requests costs of trial. The plaintiff relies on section 480 of the Civil Practice Act, urging ‘ ‘ that the addition of interest to the damages flowing from the breach of contract is mandatory He recites the cases of Hart v. United Artists Corp. (252 App. Div. 133); Squibb & Sons, Inter-Amer. Corp. v. Springmeier Shipping Co. (194 Misc. 813), and numerous others in support of his contention. The defendants resist the plaintiff’s claim for interest and trial costs.
This action was instituted in equity for an injunction which was denied the plaintiff. The court, in denying the injunction, also held that the plaintiff was not entitled to damages. In the latter respect the court was in error. The Appellate Division so held and returned the case to this court in order to fix damages (285 App. Div. 932).
Since the adoption of section 480 of the Civil Practice Act, there has been a general attempt to have uniform practice adopted with respect to the addition of interest. The fundamental reason underlying section 480 was that the plaintiff should have complete indemnification for his wrong and that the delay in instituting the action and recovering judgment should be compensated by interest.
This court holds that the instant case is not an action “ for the enforcement of or based upon breach of performance of a contract ” within the purview of section 480 of the Civil Practice *373 Act. This action was instituted in equity and the court retained jurisdiction of the subject matter notwithstanding the fact that it denied injunctive relief. The court had the power to do this in line with the rule of a court of equity assuming jurisdiction of a case and dispensing complete justice. Thus Corpus Juris Secundum (Equity, § 72, p. 425) states as follows: “ The rule that a court of equity assuming jurisdiction of a case may retain it to do complete justice has been applied so as to permit retention to award damages, as for breach of contract or tort, provided such damages are incidental to the main purpose or ground of equitable relief.” The award of damages in this case is incidental and ancillary to a denial by the court of awarding injunctive relief and yet doing justice between the parties. In doing so the court awarded not only damages allegedly suffered by the plaintiff up to the time that the cause of action accrued. The court awarded damages for all time, for breach of this covenant.
Accordingly, it cannot be said that the court did not fully indemnify the plaintiff for the wrong committed by the defendants. It is reasonable to assume that the court took all factors into consideration in awarding damages, including interest.
Carmody-Wait Cyclopedia of New York Practice discussed the rule as follows (Vol. 7, p. 240): “ This section is a mandatory direction to include in every judgment in a contract action interest thereon, whether the demand was liquidated or unliquidated.” (Emphasis supplied.)
While uniformity in practice is much to be desired, it should not be maintained where it is apparent that to do so would be committing an injustice. The court intended to fully indemnify the plaintiff for all damages which it had suffered. It is far better that the court should permit equity to remain unfettered by any principle regarding interest, which may prevent equity from doing justice according to the exigencies of each case. Support for the reasoning of this opinion may be found by reading section 480 together with a proposed amendment to that section in 1950, which was not enacted, Senate Introductory and Print No. 104 which contained a proposed amendment of section 480 and which was introduced at the request of the Law Revision Commission. The note on said bill reads as follows: “(Note: This is an amendment recommended by the Law Revision Commission. See Leg. Doc. (1950) No. 65 (E). It provides that interest shall be added to the principal sum recovered as compensatory damages in any action for an act or omission depriving another *374 person of real or personal property, tangible or intangible, or otherwise interfering with title to or possession or enjoyment of such property. It thus extends to all actions to recover compensatory damages for the violation of property rights the rule now limited to certain classes of such actions. It thereby abolishes the rule, criticized in Flamm v. Noble, 296 N. Y. 262, 268 (1947), by which the award of interest in some cases was left to the discretion of the jury. Except with respect to equitable actions, the language of the amendment is adapted from present section four hundred eighty of the civil practice act governing the award of interest in actions for breach of contract. With respect to equitable actions for violation of property rights, the amendment preserves the existing power of the court to apply more flexible principles in computing interest.) ”
The recommendation continues at pages 100-101: “ The Commission believes that this reasoning is sound in so far as it refers to tort actions seeking recovery of money damages for the violation of property rights, which actions are ordinarily triable before a jury. In equity, especially in equitable actions for breach of fiduciary duty, the ‘ discretion ’ exercised in awarding interest is the discretion of the court rather than the jury, and such discretion is controlled by well-defined, though flexible, principles and standards. See, e.g., Albright v. Jefferson National Bank, 292 N. Y. 31, 41-42 (1944); Ellis v. Kelsey, 241 N. Y. 374 (1925); Matter of Watson, 213 N. Y. 177 (1914); Woerz v. Schumacher, 161 N. Y. 530, 537 (1900). The sound equity doctrine embodied in these decisions need not be disturbed by the enactment of a uniform, mandatory provision regarding interest in legal actions for violation of property rights. Hence, while the language of the existing second sentence of section 480 refers to all contract actions whether legal or equitable, the new subdivision, submitted herewith, which extends the rule to actions for violation of property rights is drafted in such a way as to preserve, in the latter actions, the existing discretionary powers of courts of equity in the computation of interest. ’ ’ This may be found in Law Revision Commission Report and Recommendations of 1950, at pages 97 to 130. The memorandum of the Law Revision Commission is supported by an illuminating and instructive discussion of this subject.
Accordingly, the plaintiff’s request for interest is denied. After due consideration the court also denies plaintiff’s application for costs of the trial.
*375 The court also holds that simultaneously with payment of the judgment, the plaintiff is to execute a general release, which, however, shall release the defendants only for damages done as a result of the recent alteration of the defendants’ property. Submit judgment in accordance herewith.