Miles F. McDonald, J.
Defendants seek an order directing the County Clerk to satisfy of record two judgments which, were entered against them in the above-entitled action.
The primary judgment was obtained in 1962. On defendants ’ appeal to the Appellate Division the judgment was affirmed in 1963. Due to the presence of claimants to the proceeds of the judgment other than the plaintiffs, defendants moved for and obtained an order of the court in 1963 directing the manner in which payments should be made in satisfaction of the judgment.
Pursuant to said order defendants made payment of a substantial portion thereof to plaintiffs’ attorneys- One of the claimants to the proceeds of the judgment, the representative of the original attorney for the plaintiffs, appealed from the order of distribution. Thereupon, the defendants refrained from making the further payments specified therein until July, 1965 when the appeal was withdrawn and the said order entered as a second judgment herein (CPLR 2222). The last payment under the judgment, in conformity with the provisions of the order, was made to the Director of Finance of the City of New York, Court and Trust Fund Division, on September 10, 1965.
Defendants’ right to omit the inclusion of interest on the sum deposited with the Director covering the time during which the appeal from the order was pending (i.e., from 1963 to the date the order was docketed as a judgment on July 2, 1965) is now being questioned.
It is plaintiffs’ position herein that interest runs “ automatically ” from the date of entry of the judgment (CPLR 5003). Defendants excuse the omission on the ground that, since the total claims against the proceeds of the judgment apparently exceeded the face amount of the judgment, defendants could not have “ safely” made payment while the appeal was pending.
The applicable principles of law are well established. It cannot be disputed that interest begins to run on a judgment from the date of entry of the judgment (on May 25, 1962) as claimed by plaintiffs (CPLR 5003; Moran Towing & Transp. Co. v. Fleming, 175 Misc. 408, affd. 261 App. Div. 978, affd. 287 N. Y. 572; Van Bel Co. v. Board of Educ. of Union Free School Dist. No. 5, 241 App. Div. 609, affd. 265 N. Y. 654). It must be noted, however, as is stated in plaintiffs’ own citation of authority (Moran Towing & Transp. Co. v. Fleming, supra, p. 410) “interest is allowed merely in the nature of damages for the non-payment of the judgment when due ’ ’. The provision in CPLR 5003 (the successor statute to section 481 of the Civil Practice Act and section 1211 of the Code of Civil Pro *218 cedure), which fixes the time for the running of interest, is a declaration “ of the- rule at common law that damages are recoverable as an, indemnity for a non-payment of liquidated pecuniary demands at maturity, when they should have been paid.” (Donnelly v. City of Brooklyn, 121 N. Y. 9,19; emphasis supplied.)
Consequently, in situations where the debtor adopts a position which negates the occurrence of a default (such as upon a tender or by a payment of a special deposit into court), the running of interest is halted (Moscow Fire Ins. Co. v. Heckscher & Gottlieb, 260 App. Div. 646, 650, affd. 285 N. Y. 674).
In the court’s opinion, in view of the efforts expended by defendants in order to effect the payment of the judgment since 1963, the delay in making the final deposit with the Director of Finance may not be deemed a default. Additionally, since the delay in payment was directly attributable to the appeal taken by a party having an interest in the proceeds, jointly with the plaintiffs, and the delay was not “ occasioned by the debtor’s act or omission ” (Moscow Fire Ins. Co. v. Heckscher & Gottlieb, supra, p. 650), the defendants “ cannot be held liable for the payment of interest.” (Matter of Cohen’s Estate, 66 Cal. App. 2d 450). Motion granted.