**BANCO NACIONAL DE CUBA, Plaintiff,**

v.

**CHASE MANHATTAN BANK, Defendant.**

**The FIRST BANK OF BOSTON (International), Plaintiff,**

v.

**BANCO NACIONAL DE CUBA, Defendant.**

Nos. 60 Civ. 4663–CLB, 61 Civ. 2116–CLB.

United States District Court, S. D. New York.

Feb. 21, 1980.

## MEMORANDUM DECISION AND ORDER [REARGUMENT]

BRIEANT, District Judge.

Plaintiff Banco Nacional de Cuba seeks on reargument to obtain an award of pre-judgment interest in the first above entitled action, 60 Civ. 4663. A letter from its counsel dated February 4, 1980 has been treated as a motion for reargument of this Court's decision dated January 4, 1980, 505 F.Supp. 412, to the extent it denies such interest. Such reargument was heard on February 14, 1980.

A decision also dated January 4, 1980 in the second above entitled action, 61 Civ. 2116, was silent on the subject of pre-judgment interest. Arguably this silence, which results in awarding such interest in a diversity case regulated by New York law, was inconsistent with the simultaneous decision in *Chase*. In fact, the omission in the Boston decision was inadvertent. Reargument of the same point was also held in the second above entitled "*Boston*" case.

In the *Chase* decision of January 4, 1980, this Court denied pre-judgment interest to plaintiff Banco Nacional, after a careful review of New York law found beginning on p. 73. The theory of plaintiff's claim is based on breach of contract or money had and received; that of the defendant is based on breach of contract and conversion. Section 5001 of the New York Civil Practice Law and Rules, when read literally, provides for the recovery of pre-judgment interest in such actions as a matter of right. However, as this Court's decision pointed out, historically, the right to pre-judgment interest in the New York courts is not so absolute as the statute would suggest. Such interest has been awarded only from the time the principal debt becomes due and *payable*. Thus, if *force majeure* or a rule of law prohibits the payment of the principal debt, New York will not uphold a demand

**6**

for interest on the principal debt during the existence of such a prohibition. See, *Wheelock v. Tanner*, 39 N.Y. 481 (1868); *Moscow Fire Insurance Co. v. Heckscher & Gottlieb*, 260 App.Div. 646, 23 N.Y.S.2d 424 (1st Dept. 1940), *aff'd.* 285 N.Y. 674, 34 N.E.2d 377 (1941) and the discussion in the prior decision cited above.

Relying on this authority, this Court concluded that since remittances to Cuba have been, during the relevant time period, prevented by federal law, 31 C.F.R. § 515, and because payment by Chase of the net balance of the principal debt therefore was impossible, no pre-judgment interest should be awarded to plaintiff.

Plaintiff Banco Nacional urges on reargument that this decision was incorrect because the Court of Appeals of the Second Circuit has decided the issue of state law presented here several times recently, and that this Court is bound to follow those decisions. Specifically, Banco Nacional cites *Menendez v. Saks & Co.*, 485 F.2d 1355 (2d Cir. 1973), *cert. denied* on the issue of pre-judgment interest, *sub nom. Republic of Cuba v. Saks & Co.*, 425 U.S. 991, 96 S.Ct. 2201, 48 L.Ed.2d 815 (1976); *Spector v. Mermelstein*, 485 F.2d 474 (2d Cir. 1973); *United Bank, Ltd. v. Cosmic Int'l., Inc.*, 542 F.2d 866 (2d Cir. 1975); and *Lee v. Joseph E. Seagram & Son*, 592 F.2d 39 (2d Cir. 1979), for the principle that an award of pre-judgment interest in a contract action is in all events required.

In reply, Chase contends that § 5001 of the New York CPLR does allow the trial court to exercise discretion in awarding pre-judgment interest if the action is of an equitable nature. Chase contends that because its set-off claim was equitable in nature, stemming from the lack of any direct legal remedy against Banco Nacional, and because the set-off was the dominant claim in the action, the action before this Court was really one in equity. *Frey Realty Co. v. Ten W. 46th St. Corp.*, 1 Misc.2d 371, 145 N.Y.S.2d 670 (Sup.Ct.N.Y.Co.1955).

In *Menendez v. Saks & Co., supra*, the Court of Appeals of the Second Circuit held that because importers from the United States were liable to Cuban Interventors for certain shipments of cigars, pre-judgment interest on any recovery by the Interventors was required by New York CPLR § 5001. That the United States importers asserted successful set-off claims against the Interventors did not alter this result. It is true, as Chase argues, that the Court of Appeals did not consider explicitly whether the set-off claims of the importers were sufficient to make the action one of an equitable nature, in which the trial court could have exercised discretion. Nor did the Court of Appeals opinion mention that the importers could not have paid the Cuban Interventors because of the various regulations prohibiting the transfer of funds from the United States to Cuba, as this argument was apparently not made.

Instead, the Court of Appeals decided on a broad but literal interpretation of the New York statute, and this is apparent from the later cases cited by the plaintiff, *supra*.

Of course, the question is purely one of New York State law, which under familiar *Erie* principles, all federal courts, including the Court of Appeals must follow and not make. We believe our application of the New York cases is correct. Banco Nacional meets these New York authorities obliquely, arguing that even so, the point is precluded by *Menendez*, a case close in time and subject matter to the instant case, and if *Menendez* is an incorrect application of New York law, such is not for us to say, but we must leave it for elucidation by higher authority. As to this, Banco Nacional is probably right. Of course we do not know what arguments were made to that Court in *Menendez*, where the pre-judgment interest point was hardly crucial to the cause.

Accordingly, the decision of January 4, 1980 is modified on reargument to award Banco Nacional pre-judgment interest at New York State rates for judgments, on its net recovery against Chase Manhattan Bank in 60 Civ. 4663. For the same reasons, The First Bank of Boston (International) will be entitled to pre-judgment interest in 61 Civ. 2116. No formal modification of the decision in that case is necessary.

So Ordered.