■ Rafael Rosario, Respondent, v Beverly Road Realty Company et al., Appellants, et al., Defendant. [920 NYS2d 724]—

In an action, inter alia, to recover damages for personal injuries, the defendants Beverly Road Company and Sheldrake Management, Inc., appeal from an order of the Supreme Court, Kings County (Bunyan, J.), dated December 31, 2009, which denied, "without prejudice to renew upon a showing of the status of the proceedings in Surrogate's Court, [Kings County,] in regard to the estate of Maria Rosario, deceased," their motion pursuant to CPLR 2606 to compel the liquidation and distribution of the proceeds of a certain appeal bond held by the Commissioner of Finance of the City of New York and, in effect, to vacate a stay of all proceedings in the action pending a showing of the status of the proceedings in the Surrogate's Court.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Beverly Road Realty Company

and Sheldrake Management, Inc., to compel liquidation and distribution of the proceeds of the appeal bond and, in effect, to vacate the stay is granted; and it is further,

Ordered that the plaintiff's attorneys are directed to hold the proceeds distributed to them from the appeal bond in an escrow account pending a showing, to the satisfaction of the Supreme Court, Kings County, of the status of the proceedings in the Surrogate's Court, Kings County, with respect to the estate of the plaintiff's decedent, Maria Rosario.

We agree with the appellants that there is no reason why the appeal bond posted in connection with this action should not be liquidated and distributed so that, inter alia, the appellants may satisfy the underlying judgment against them and in favor of the plaintiff. While the issuance of an order by the Surrogate's Court may be necessary before the distribution of the appropriate sums from the appeal bond directly to the plaintiff may be effected (see e.g. SCPA 702), as directed herein, the plaintiff's attorneys may hold the proceeds from the liquidation of the appeal bond in an escrow account, pending a showing, to the satisfaction of the Supreme Court, as to the status of the proceedings in the Surrogate's Court, Kings County, with respect to the estate of the plaintiff's decedent, Maria Rosario. Moreover, under the circumstances, we agree with the appellants that their obligation to the plaintiff for postjudgment interest ceased to accrue as of December 12, 2007 (see Matter of Rochester Carting Co. v Levitt, 36 NY2d 264, 268 [1975]; see also ERHAL Holding Corp. v Rusin, 252 AD2d 473, 474 [1998]; Juracka v Ferrara, 120 AD2d 822, 824 [1986]; Moscow Fire Ins. Co. of Moscow v Heckscher & Gottlieb, 260 App Div 646, 650 [1940], affd 285 NY 674 [1941]; Ariola v Petro Trucking Corp., 50 Misc 2d 216, 218 [1966]; see generally M&T Real Estate v JJF Assoc., 308 AD2d 362, 363 [2003]). Covello, J.P., Eng, Hall and Roman, JJ., concur.