ANDREW G. DIMMERLING, Respondent, *v.* ARCHIE M. ANDREWS et al., Individually and as Trustees of ANDREWS & COMPANY et al., Appellants, Impleaded with Another.

**Process — service by publication — order for publication of summons in action to recover sum of money only against non-resident may not be made unless his property within state has first been seized.**

No order of publication of the summons in an action to recover a sum of money only against a non-resident may now be made except upon proof that his property within this state has been seized. (Civ. Pr. Act, §§ 232, 493.) An order of publication obtained against non-residents as individuals July 19, 1922, and subsequent proceedings based thereon are without jurisdiction where the papers upon which the order was based did not show that any warrant of attachment had been levied upon their property.

*Dimmerling* v. *Andrews*, 205 App. Div. 855, reversed.

(Argued April 17, 1923; decided May 1, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial

department, entered January 25, 1923, which affirmed an order of Special Term denying a motion to vacate a judgment entered against defendants by default, vacating an order for service of the summons upon defendants, as non-residents, by publication and vacating various other proceedings in the action.

The following questions were certified:

" 1. Did the trustees of Andrews & Company, under the circumstances disclosed by the record, receive such notice of the pendency of the action against them in their capacity as trustees as to warrant a judgment against them in that capacity under the statutes of this state?

" 2. Did the entry of the judgment against the trustees of Andrews & Company, in their capacity as such, constitute due process of law? "

*Henry L. Sherman* and *Lionel S. Popkin* for appellants. The service of notice upon the individuals (and hence also upon the trustees) was void because the papers upon which the order for publication was granted were insufficient under the express language of section 232 of the Civil Practice Act. (*Rose* v. *Heller,* 190 App. Div. 519; *Friedman* v. *Prescetti,* 199 App. Div. 385; *Wilson* v. *Lange,* 40 Misc. Rep. 676; *Guffey* v. *Grand Trunk Railway Co.,* 67 Misc. Rep. 553; *Wright* v. *Ankeny,* 217 Fed. Rep. 988; *Cosh-Murray Co.* v. *Tuttich,* 10 Wash. 449; *Little* v. *Christie,* 69 S. C. 57; *Bank of Colfax* v. *Richardson,* 34 Ore. 518.)

*Edwin J. Dryer* and *Raymond D. Thurber* for respondent. The judgment against the trustees of Andrews & Company was taken in strict accordance with the laws of this state. (Civ. Pr. Act, § 232; Code Civ. Pro. §§ 438, 439.)

ANDREWS, J. As it stood before 1920 the Code of Civil Procedure permitted service by publication upon

a non-resident who could not be found within the state (secs. 438, 439), where the claim was for a sum of money only (sec. 1217) in a certain class of actions (sec. 635). Before a judgment by default was allowed, however, a warrant of attachment granted in the action must have been levied upon the property of the defendant (sec. 1217), and the judgment was conclusive only as to the property which had been so attached (sec. 443, subd. 6). Only so far as the judgment may be satisfied from such property did it bind the defendant and it imposed no personal obligation upon him. (*Pennoyer* v. *Neff*, 95 U. S. 714.)

While these rules were well understood there was some conflict as to whether it was essential that the property of the defendant should be seized before the order of publication was authorized. On the one hand it was said that the Code permitted the warrant to be issued at any time before final judgment (sec. 638). On the other *Pennoyer* v. *Neff* was construed as meaning that service by publication gave the required notice only when coupled with the prior seizure of the defendant's property. (*Helme* v. *Buckelew*, 229 N. Y. 363, 371.)

Apparently to set at rest all doubts, sections 438 and 439 were amended by chapter 478 of the Laws of 1920. Service might be made by publication upon a non-resident defendant in the limited class of actions without the need of an attachment. Among them was the case where the plaintiff sought to enforce rights as to specific personal or real property situated here. To this was now added the provision that the order of publication might be obtained " where it appears by affidavit that a warrant of attachment granted in the action has been levied upon property of the defendant within the state." This clause clearly did not increase the power of the court. Already a summons might be served by publication upon a non-resident in any action to recover a sum of money only where a warrant might be issued.

The only result of the amendment was to limit by express words the power to grant the order of publication to cases where a warrant of attachment being a prerequisite to a judgment it had already been levied. And to further the same thought section 439 was also amended by providing that where the action was to recover a sum of money only the papers on which the order was granted must contain a statement that the warrant had been levied.

Doubts seem, however, to have still existed. (*Del Piatta* v. *Mendoza,* 195 App. Div. 833; *Cahill* v. *Broadwell Productions,* 190 N. Y. Supp. 225.) Therefore, when the Civil Practice Act was adopted the intent of the legislature was still further clarified. (Civ. Prac. Act, secs. 232, 493.) The latter section enumerates specifically the three classes of cases in which judgment for a sum of money might be obtained against a non-resident upon service by publication. The former consolidated sections 438 and 439 of the Code. Certain verbal alterations were made as to provisions contained in section 438; a new clause was added and then applying to all these provisions, some of which contemplated actions *in rem* where no attachment was required and others actions *in personam,* there was also added the condition that the order must be founded on a verified complaint showing a cause of action against the defendant (actions *in rem*) or in an action *in personam,* a complaint and proof that a warrant of attachment had been levied upon the defendant's property. The intent is unmistakable. Whatever may have been the former rule now no order of publication in an action to recover a sum of money only against a non-resident may be made except upon proof that his property has been seized.

This being so the action of the Special Term and of the Appellate Division in this case was erroneous. The defendants were non-residents. The action is to recover a sum of money only. An order of publication was

obtained against them as individuals on July 19, 1922. The papers upon which it was based did not show that any warrant of attachment had been levied upon their property. As a matter of fact such warrant was granted and the levy made only some seven or eight days later. No jurisdiction of the defendants was obtained. There was no authority for the order and it and subsequent proceedings based upon it were without jurisdiction.

It is unnecessary for us to pass upon the various other questions argued by the appellants.

The orders of the Appellate Division and of the Special Term should be reversed, with costs in all courts, and the motion of the appellants granted, with ten dollars costs. First question certified answered in the negative; other question not answered.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN and CRANE, JJ., concur.

Ordered accordingly.