Matie Jane Cole, Plaintiff, *v.* Nash Motors Company and Another, Defendants.

Supreme Court, Erie County, April, 1928.

Process — summons — service of summons by publication in action to recover sum of money against foreign corporation — warrant of attachment was issued against defendant but motion papers failed to establish issuance of warrant and fact that levy was actually made in this State — plaintiff will not be permitted to supply deficiency in motion papers as to levy of warrant (Civ. Prac. Act, § 822) — order of publication and warrant of attachment vacated and set aside (Civ. Prac. Act, § 905).

The order directing the service of the summons by publication, in this action against a foreign corporation to recover a sum of money, based on a warrant of attachment issued therein against the defendant corporation, must be vacated and set aside in the absence of affirmative proof that the warrant was issued and the levy made within this State upon defendant's property.

The fact that the motion papers recite that the warrant " has been duly issued " in the action, and that the sheriff " has duly levied upon the property " under the warrant, is insufficient, standing alone, to satisfy the requirement that it must be made to appear that property of the defendant has been levied upon in this State; while the allegation is made in positive terms, no fact is stated upon which the affiant arrives at his conclusion.

Nor may plaintiff be permitted to supply the deficiency in the motion papers as to the levy of the warrant on the property of the defendant within this State (Civ. Prac. Act, § 822), for that is a matter which goes to the jurisdiction of the court, and unless such fact affirmatively appears so that the court can find it as a fact, the court has no jurisdiction to grant the order.

Since more than thirty days have elapsed since the warrant of attachment was issued, if the order of publication is void and the service thereunder ineffective, the warrant of attachment is no longer in effect and it should be vacated and set aside (Civ. Prac. Act, § 905), as well as the order of publication.

Motion by defendant, Nash Motors Company, to vacate an order directing service by publication of the summons on defendant Nash Motors Company, and to vacate a warrant of attachment issued against said defendant.

*William J. Brock [Carleton J. Townsend of counsel], for the plaintiff.*

*Gibbons & Pottle [Frank Gibbons of counsel], for defendant Nash Motors Company.*

Norton, J. This motion is made upon notice, by the defendant Nash Motors Company, upon the original papers upon which the warrant of attachment against said defendant was issued, and the order directing service of the summons in the action upon such defendant was granted, to have such warrant and such order of publication vacated and set aside.

The action is brought to recover a sum of money only.

As against this defendant, a foreign corporation not doing

business in this State, the action could only be initiated by a warrant of attachment, duly granted, and pursuant to which property belonging to the defendant against whom it is issued is found and levied upon within this State. (*Dimmerling* v. *Andrews*, 236 N. Y. 43.)

An order directing service of the summons by publication in such a case may not be granted unless the party applying therefor, in addition to other required matters, affirmatively establishes that such warrant has been issued, and such levy made. (*Dimmerling* v. *Andrews, supra;* Carmody's N. Y. Prac. [1924 Supp.] p. 49, § 131.)

This defendant contends that the order of publication was granted upon inadequate and insufficient proof of the levy of the attachment within this State upon property of defendant Nash Motors Company.

The only proof submitted in the moving papers on that subject is the statement contained in the affidavit of plaintiff's attorney, which reads as follows: " That a warrant of attachment has been duly issued in said action against the property of the defendant Nash Motors Co., and the Sheriff of the County of New York has duly levied upon the property in New York County in said action under said warrant of attachment."

That the warrant of attachment was issued appears from the copy of the warrant in the moving papers; whether it was duly issued is one of the questions raised on this motion.

The statement that " the Sheriff has duly levied upon the property in New York County in said action " is all there is in the moving papers upon which the court could determine the jurisdictional fact that property belonging to the defendant that was within the State of New York had been legally attached and was being held in the manner the law required, in order that the court be authorized to order that the summons in the action be served by publication upon such defendant.

The use of the word " duly " in that phrase does not throw a mantle of sufficiency over that allegation and make what is patently deficient without it sufficient in law.

While " duly " may cover a multitude of deficiencies, still there is no magic in the word which will endow it or the use of it with such weight of meaning as to render unnecessary the statement of facts by an affiant necessary to prove affirmatively a matter that must be established in order to give the court jurisdiction to grant an order such as the one in question.

The allegation is made in positive terms, yet no fact is stated upon which affiant arrives at such conclusion.

The law as stated by Judge EDGCOMB in *Rome Trust Co.* v. *Cummings* (123 Misc. 884) in regard to an allegation of non-residence, applies with equal force to an allegation of the levy of an attachment. He says (on p. 885): " The naked allegation of non-residence, without the source of affiant's knowledge ' being disclosed, is not sufficient to give the court jurisdiction to grant the order." (Citing: *Friedman* v. *Prescetti*, 199 App. Div. 385; *Rose* v. *Heller*, 190 id. 519; *Cousins* v. *Schlichter*, 135 id. 779; *Hoormann* v. *Climax Cycle Co.*, 9 id. 579; *Buhl* v. *Ball*, 41 Hun, 61; *Seidenburg* v. *Pesce*, 140 App. Div. 232; *Blute* v. *Fellowes*, 143 id. 825.)

Affiant resides and has his office in Buffalo; the warrant of attachment, according to affiant, was executed by the sheriff of New York county in New York county. It does not appear that affiant was present when the levy was made, nor how he knows that it was made at all, nor does it appear what property was levied on, nor how he knows that the property levied on was the property of defendant.

That the warrant of attachment had issued, as appears from the copy of the warrant in the moving papers, is far from sufficient, standing alone, to satisfy the requirement of the law, that it be made to appear that property of the defendant had been levied on in the State. · Neither may proof that such levy had in fact been made be now supplied or considered. (*Rome Trust Co.* v. *Cummings, supra; McCracken* v. *Flanagan*, 127 N. Y. 493.)

The Court of Appeals in the *McCracken* case says (at p. 497): " It is plain, from a consideration of the law, that jurisdiction of a court to render a judgment against a party to an action is ordinarily acquired by the personal service of process, * * * that the order for a different mode of service may only be granted upon proof by affidavit of the existence of certain facts, and hence the fact and the mode of establishing it is jurisdictional."

Plaintiff asks on this motion permission to supply the deficiency in the moving papers on which the warrant of attachment was granted by setting forth the source of the knowledge of plaintiff as to defendant Nash Motors Company being a foreign corporation not doing business in this State. And under section 822 of the Civil Practice Act, which he cites as authority therefor, such permission should be and is granted.

But plaintiff's request to be permitted to now supply the proof that was lacking as to the levy of the warrant of attachment on the property of the defendant within this State, from the moving papers on which the order of publication was granted, cannot be granted. That is a matter going to the jurisdiction of the court.

Unless such matter affirmatively appeared, so that the court could find it as a fact, the court had no jurisdiction to grant the order.

The plaintiff must stand or fall, as to the matters that would give jurisdiction to the court to grant the order of publication, upon those matters as set forth in the moving papers presented to and acted upon by the court in granting the order.

More than thirty days have elapsed since the warrant of attachment was granted. Therefore, if the order of publication is void and the service thereunder ineffective, as I am satisfied is the case, the warrant of attachment is no longer in effect and it should be vacated. (Civ. Prac. Act, § 905.)

The conclusions I have reached that the order of publication is invalid and that it must be vacated and set aside, and that the warrant of attachment must be vacated on the grounds above stated, make the determination of the other questions raised on this motion unnecessary.

The motion is granted, the order of publication and the warrant of attachment are vacated and set aside.