Lydia A. McCann, Appellant and Respondent, *v.* Paul
    C. Schnitzler et al., as Administrators of the Estate
    of Emma C. Leopold, Deceased, Respondents and
    Appellants.

(Argued May 5, 1930; decided June 3, 1930.)

*Sydney A. Syme* for plaintiff, appellant and respondent. The motion to be permitted to voluntarily vacate the warrant of attachment, so as to be relieved from the necessity of furnishing additional security to retain the benefit of the warrant, was properly granted by the Special Term and was within its power. (Civ. Prac. Act, § 907; *Straus* v. *Guilhon*, 80 App. Div. 50; *Olsen* v. *U. S. Fidelity & Guaranty Co.*, 230 N. Y. 31; *Newton* v. *Russell*, 87 N. Y. 527; *Tyng* v. *American Surety Co.*, 69 App. Div. 137; 174 N. Y. 166; *North Hampton Nat. Bank* v. *Wylie*, 52 Hun, 146; 123 N. Y. 663.)

*Thomas G. Pricleau* and *Charles E. Thorn* for defendants, respondents and appellants. There is no authority for permitting plaintiff to withdraw her attachment against the objection of defendants. (*Penoyar* v. *Kelsey*, 150 N. Y. 77; *Prentiss* v. *Greene*, 193 App. Div. 672; Wait's Pr. [8th ed.] 2398; Bradner on Attachments, 191; *Majarrietta* v. *Saenz*, 80 N. Y. 547; *Gentilala* v. *Fay Taxicabs*, 243 N. Y. 397; *Matter of Butler*, 101 N. Y. 307.) The failure of the plaintiff to give the additional security ordered by the Appellate Division entitled the defendants to a dismissal of the complaint. (*Fuerstenberg* v. *American Soda Fountain Co.*, 21 App. Div. 501; Civ. Prac. Act, § 1529; *Jones* v. *Sabin*, 122 App. Div. 666; *Schroeder* v. *Page*, 124 App. Div. 253; *Hinman* v. *Pierce*, 50 Hun, 209;

*Penoyar* v. *Kelsey,* 150 N. Y. 77; *Courtney* v. *Eighth Ward Bank,* 154 N. Y. 688.)

*Per Curiam.* In an action begun in 1926, plaintiff procured a warrant of attachment, giving an undertaking for $250, a sum accepted as sufficient by the judge issuing the warrant (Civ. Prac. Act, §§ 819, 907). Upon the death of the defendant named in the summons, her administrators, the present defendants, became parties in her place. They moved in 1928 that the plaintiff be required to give additional security (Civ. Prac. Act, § 948). Their motion, denied by the Supreme Court at Special Term, was granted at the Appellate Division, and a new undertaking in the sum of $3,750 was ordered to be given.

The plaintiff was unable to comply with that direction. She moved accordingly at Special Term that she be permitted to withdraw the attachment and that it be vacated with the same effect as if set aside at the defendants' instance. The defendants made a counter-motion for the dismissal of the complaint. The Special Term granted the plaintiff's motion to vacate, and denied the defendants' motion to dismiss. There were cross-appeals to the Appellate Division where the one order was reversed, and the other modified by perpetually staying the prosecution of the action unless within five days additional security was filed as previously directed.

We think the only penalty adhering to the failure to give security is the loss of the attachment. We find no basis in the statute for the imposition of an additional penalty in the form of a perpetual stay of the prosecution of the action. An undertaking on attachment under article 54, section 907, of the Civil Practice Act is not an undertaking for costs within the meaning of article 87, section 1529. If the plaintiff persists in her failure to give the additional security, the defendants' only remedy will be a motion to vacate the warrant. This

being so, they have not suffered any prejudice by reason of the plaintiff's readiness to anticipate their action, and make the motion for herself.

The orders of the Appellate Division should be reversed and those of the Special Term affirmed, with costs to the plaintiff in the Appellate Division and in this court. The questions certified should be answered as follows: On the plaintiff's appeal, the first and third in the affirmative and the second in the negative; on the defendant's appeal, the first, second, third and fifth in the negative and the fourth in the affirmative.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur; LEHMAN, J., not sitting.

Ordered accordingly.