**HEYDEMANN et al. v. WESTINGHOUSE ELECTRIC & MFG. CO.**

District Court, S. D. New York.

July 18, 1939.

Boskey, Schiller & Serling, of New York City (John F. X. Finn, Keith Lorenz, and Jerome H. Shapiro, all of New York City, of counsel), for plaintiffs.

Cravath, de Gersdorff, Swaine & Wood, of New York City (Wm. D. Whitney and Joseph Day Lee, both of New York City, of counsel), for defendant.

LEIBELL, District Judge.

In February, 1928, Natalie G. Heydemann, as sole heir and legatee of Deitrich Heydemann, filed a summons and complaint in the Supreme Court, New York County, demanding a money judgment against the Russian Electric Corporation, a

foreign corporation. A warrant of attachment was granted on February 27, 1928, and the next day it was served upon the National City Bank and the Westinghouse Electric & Manufacturing Company, the defendant herein. Both of these companies made returns alleging that they had no property of the defendant. Nothing further was done regarding this attachment, and the time within which service of the summons could have been made by publication expired. N.Y.Civil Practice Act, § 905.

On June 21, 1928, plaintiff obtained a second warrant of attachment. On June 25th it was served upon the National City Bank and on July 9th and 18th an examination of the bank, in aid of the attachment, was conducted pursuant to an order of the New York Supreme Court. On July 19, 1928, the plaintiff obtained an order authorizing service of the summons upon the Russian Company by publication and on the following day publication was begun.

On September 29, 1928, the second warrant of attachment was served upon the Westinghouse Electric & Manufacturing Company and the Company was examined in aid of the attachment on November 21 and 22, 1928.

The Russian Company did not appear or answer the complaint or make any motion in respect to the attachment, and on July 12, 1929, judgment was entered against it for $130,372.32, the amount of the claim and interest. The sheriff of New York County attempted to levy an execution upon a debt alleged to have been due to the Russian Company from the defendant herein, the Westinghouse Company, but the latter refused to make payment. Thereupon the plaintiff and the Sheriff (pursuant to sections 922 and 943, N.Y.Civil Practice Act) brought the present action against the Westinghouse Company in the New York Supreme Court, May 1, 1933, in aid of the attachment and execution issued in the original action against the Russian Company, and by this present action seek to recover $88,320.94 alleged to be due the Russian Company from Westinghouse.

The Westinghouse Company removed the action to this Court July 12, 1933, and made a motion for judgment on the pleadings which was denied on appeal. 2 Cir., 80 F.2d 837.

Under paragraphs I, II and III of its notice of motion, dated May 5, 1939, defendant seeks permission to amend the second amended answer and file the supplemental answer. The relief sought is granted, on consent. Contested issues are presented, however, in paragraph IV of said notice, in which, on various grounds enumerated therein, defendant moves, on supporting affidavits, for summary judgment, dismissing the amended complaint. Rule 56(b), Federal Rules of Civil Procedure.

In a supplemental notice of motion, dated May 19, 1939, seven additional grounds are set forth. These are controverted by opposing affidavits raising genuine issues as to material facts. On the record thus presented I am of the opinion that all seven are insufficient to form the basis for summary judgment, dismissing the complaint.

As to paragraph IV, subdivisions 2 and 3 of the notice of motion of May 5, 1939, issues of fact are presented by answering affidavits which bar the relief sought on this motion. In respect to paragraph IV (1) (d) of said notice, the affidavits and records presented seem to me to refute defendant's contention. The same is true in respect to paragraph IV(1) (a) of the said notice of motion.

The principal grounds upon which the motion for summary judgment is based are set forth in paragraph IV, subdivisions (1) (b) and (1) (c), of the notice of motion dated May 5, 1939. They assert, in effect, that the New York Supreme Court acquired no jurisdiction under the warrants of attachment and the service of the summons by publication and hence its judgment is void. The reasons assigned are that no new undertaking was furnished in connection with the granting of the second warrant of attachment on June 21, 1928; and further, that no property of defendant had been levied upon under the warrant of attachment prior to the granting of the order for publication of the summons on July 19, 1928.

The warrants of attachment were obtained pursuant to Sections 902 and 903 of the New York Civil Practice Act. Section 907 requires that a warrant shall not be granted unless plaintiff files an undertaking to the effect that if the defendant recovers judgment, or if the warrant is vacated, the plaintiff will pay all costs which may be awarded to the defendant and all damages which he may sustain by reason of the attachment, not exceeding the sum specified in the undertaking, which must be at least two hundred and fifty dollars.

Upon the application for the first warrant of attachment, the plaintiff filed an undertaking, dated February 24, 1928, in the following terms:

"The above-named Plaintiff, having applied to one of the Justices of this Court, for a warrant of attachment against the property of the above-named Defendant Russian Electric Company, otherwise known as 'Dynamo' under and by virtue of the Civil Practice Act, on the ground that said Defendant is a Foreign Corporation.

"Now, Therefore, the Northeastern Surety Company, a corporation organized and existing under the laws of the State of New York, and having an office at No. 50 East 42nd Street, Borough of Manhattan, City of New York, as Surety, does hereby undertake that if the said Defendant recover judgment in this action, or if the warrant of attachment is vacated, the Plaintiff will pay all costs that may be awarded to the said Defendant and all damages that the said Defendant may sustain by reason of the said attachment, not exceeding Three thousand nine hundred sixty-two & $^{55}/_{100}$ Dollars.

"Dated, New York, February 24th, 1928.

"Northeastern Surety Company
"By Frank Cohen
"Attorney-in-Fact."

The first warrant of attachment was granted on February 27, 1928. N.Y.Civil Practice Act, § 905, provides that if the warrant be granted before the summons is served, personal service of the summons must be made, or service by publication must be commenced, or service thereof must be made without the state, within thirty days after the granting of the warrant. The plaintiff did not comply with this section. Hence the attachment became ineffective and it could have been vacated. Cole v. Nash Motors Co., 131 Misc. 922, 229 N.Y.S. 277; Brandow v. Murray & Tregurtha Corporation, 203 App.Div. 47, 196 N.Y.S. 293. Further, nothing was attached under the first warrant. There is no dispute as to that.

Then, on June 21, 1928, the plaintiff obtained the second warrant of attachment. However, a second undertaking was not filed on the application for the second warrant. The same undertaking of February 24, 1928, was utilized. Although the case of Millbank v. Broadway Bank, 3 Abb. Prac., N.S., 223, seems to indicate that the failure to file a proper bond is a mere error or irregularity, the later cases of Van Loon v. Lyons, 61 N.Y. 22, and Tiffany v. Lord, 65 N.Y. 310, hold that it is a jurisdictional defect rendering the attachment, and any judgment entered thereon, void. The case of McCann v. Schnitzler, 254 N.Y. 107, 172 N.E. 143, also held that the failure to give the security required upon the procurement of a warrant of attachment results in the loss of the attachment.

So we have as the issue presented: Was there a failure to give the security required by § 907 of the New York Civil Practice Act, on the application for the second warrant? Could the undertaking used on the application for the first warrant be used a second time when the application for the second warrant was filed? Was the undertaking a valid subsisting obligation of the surety at the time of the issuance of the second warrant.

The warrant of attachment issued February 27, 1928, contains the recital "and the plaintiff having given the undertaking required by law". The second warrant of attachment issued June 21, 1928, contains a similar recital.

In his application for the second warrant of attachment, Ira A. Schiller, plaintiff's attorney, made an affidavit on June 14, 1928, in which he stated:

"That this action is brought to recover the sum of Seventy-nine thousand two hundred fifty-one and $^{09}/_{100}$ ($79,251.09), with interest from March 1st, 1918. That heretofore and on the 27th day of February, a warrant of attachment was duly issued in this action, and thereupon the 'Affidavits in support of said attachment', the 'summons and verified complaint', and the approved 'Undertaking on attachment,' were duly filed in the office of the Clerk of the County of New York, and bear Index No. 7709-1928.

"That on the 27th day of February, 1928, a certified copy of said warrant of attachment, together with a notice showing the property attached and the proper demand for a certificate were served upon the National City Bank, No. 55 Wall Street, Borough of Manhattan, City of New York, by the Sheriff of the County of New York.

"That the above mentioned warrant of attachment was procured so as to enable the plaintiff to attach property of the defendant in order to serve said defendant with the summons herein by publication. That thirty days have elapsed since the is-

**1008**

suance of said warrant of attachment and no property has been attached, and therefore, service of the summons herein by publication will not be possible. As a result of this, the warrant of attachment heretofore issued herein has become ineffective and inoperative."

Mr. Schiller then went on to state that he was of the opinion that a certificate sent by the National City Bank to the Sheriff of New York County on March 13, 1928, "that at the time of the service of said warrant, the National City Bank of New York was holding no funds or other property belonging to the defendant, Russian Electric Company" was insufficient and not in compliance with Section 918 of the New York Civil Practice Act; that there may have been some misapprehension on the part of the Bank as to the identity of the defendant, Russian Electric Company.

Mr. Schiller's said affidavit of June 4, 1928, further states:

"That thirty days have elapsed since the issuance of the above mentioned warrant and that said warrant has, consequently become invalid and that it is necessary that another warrant be issued in order to obtain an examination of the National City Bank.

"That it has not been possible to serve the defendant herein by publication since no property of said defendant has been attached.

"That in order to protect the rights of the plaintiff, and to prevent the said National City Bank from causing the plaintiff to lose any rights, remedies and advantages already acquired, a second warrant of attachment should be issued by this Court.

"Wherefore, deponent prays that upon the verified complaint, the affidavits in support of the warrant of attachment, *and the approved undertaking of attachment, hereinabove mentioned and heretofore filed,* a second warrant of attachment be issued against the defendant for the sum of Seventy-nine thousand two hundred fifty-one and 0%100 ($79,251.09) Dollars, with interest as claimed in the complaint, * * *." (Italics made for the purposes of this opinion.)

There is no doubt therefore that the New York Supreme Court when it issued its second warrant of attachment had its attention specifically directed to the fact that the said second warrant of attachment

was to be issued, among other things, upon "the approved undertaking of attachment, hereinabove mentioned and heretofore filed", that is, on the same undertaking that had been used on the first application for a warrant of attachment issued February 27, 1928.

An order, dated July 19, 1928, for service of the summons by publication contains a preliminary statement as follows: "and it further appearing to my satisfaction by the said affidavit of Ira A. Schiller, verified the 17th day of July, 1928, and said certificate of the Sheriff of New York County, that an attachment has been heretofore issued herein and a levy made by the Sheriff of New York County upon the property of the defendant situated in the said county".

The affidavit of Mr. Schiller referred to in the aforesaid order of July 19, 1928, contains substantially the statements of the first two paragraphs quoted above from his affidavit of June 4, 1928, and also the following: "On the 21st day of June, 1928, a second warrant of attachment was issued against the defendant herein. On the 25th day of June, 1928, a certified copy of said warrant of attachment together with a notice showing the property attached, and a proper demand for a certificate was served upon the National City Bank, No. 55 Wall Street, Borough of Manhattan, City of New York, by the Sheriff of the County of New York. Said warrant of attachment is now in full force and effect."

The Court issuing the order of July 19, 1928, for publication of the summons would naturally assume that the said second warrant of attachment, dated June 21, 1928, had been issued on proper papers. However, the Court which issued the said second warrant of attachment must have known, as shown above, that it was issuing the second warrant of attachment on the same undertaking that had been submitted on the first application for an attachment which was issued February 27, 1928.

█ This Court, in this present action against the Westinghouse Electric & Manufacturing Company, may review the papers on which the second warrant of attachment was issued and determine if the said attachment was properly issued under the New York Civil Practice Act and the decisions of the State Court interpreting the same. If the second warrant of attachment was not properly issued, there was no authority for the order for publication

of the summons in plaintiff's action in the New York Supreme Court against the Russian Electric Company and the State Court never obtained jurisdiction in that action. It would follow that no valid judgment could have been entered in the New York Supreme Court action on which this present action in aid of execution is based. Copperfretti v. Shephard, 241 App.Div. 872, 271 N.Y.S. 284; Galpin v. Page, 18 Wall. 350, 85 U.S. 350, 21 L.Ed. 959; Doey v. Clarence P. Howland Co., 224 N.Y. 30, 38, 120 N.E. 53; Dimmerling v. Andrews, 236 N.Y. 43, 47, 139 N.E. 774.

 Plaintiff contends that the undertaking filed on the application for the first warrant, issued February 27, 1928, was sufficient to cover, as well, the second warrant issued June 21, 1928.

N.Y.Civil Practice Act, § 150, provides that: "A bond or undertaking in an action or special proceeding is sufficient if it conforms substantially to the form therefor prescribed by the statute or rule and does not vary therefrom to the prejudice of the rights of the party to whom or for whose benefit it is given." The undertaking was in the sum of $3,962.55. As we have seen, the Court which granted the second writ of attachment had specific notice that no new undertaking was being submitted and that the undertaking given on the first warrant was on file and was being used by plaintiff in its application for the second warrant. It also had notice that no property had been levied upon under the first warrant of attachment and of course, no order of publication had been made. In granting the second warrant, the court must have decided that the undertaking on file substantially complied with Sections 819 and 907 of the New York Civil Practice Act and did not prejudice the rights of the party for whose benefit it was given. I am of the same opinion. Further, in granting the second warrant, the court, at least impliedly, extended the undertaking to cover the second warrant and it would seem that the underwriter would have been liable for any damages caused by the second attachment. See, Cuff v. Fidelity & Deposit Company of Maryland, 279 N.Y. 674, 18 N.E.2d 310.

If no property of the Russian Company was caught by the levies under the first attachment, no damage could have been suffered by the Russian Company for which recovery could be had against the underwriter. Saltzman v. Indemnity Ins. Co. of North America, N.Y.Sup.Ct., App.Term, 274 N.Y.S. 806. If, on the other hand, some property had been levied upon, plaintiff's failure to make service within the thirty day period rendered the attachment no longer effective, and it could be vacated and set aside. Under the circumstances, the damages suffered by the Russian Company would have been nominal, at best. The certificate of the National City Bank on the first attachment, made March 1928, pursuant to § 918, N.Y.Civil Practice Act, was to the effect that it had no property of the Russian Electric Company. In view of these facts, I do not see why the State Court, in its discretion, could not issue the second warrant of attachment upon the undertaking already on file for the first.

 Defendant contends that the issuance of the first warrant of attachment constituted the commencement of an action which lapsed upon the failure to make service within thirty days and that the issuance of the second warrant marked the commencement of a new action. Hence, it is claimed, the undertaking cannot be construed to cover the attachment in the second action. N.Y.Civil Practice Act, § 218, provides that "a civil action is commenced by the service of a summons". However, the case of Schram v. Keane, 279 N.Y. 227, 18 N.E.2d 136, 139, held that an action has a conditional inception from the time that a warrant of attachment is issued. The condition is that service of the summons be made within thirty days after the issuance of the warrant. Section 905, N.Y.Civil Practice Act. If this be done, the action is deemed commenced as of the date the warrant was granted.

In the Schram case the court took a very pragmatic view of the law, seeking to give it logical effect rather than to "play with words". I think that we should consider the instant case in the same light. I am of the opinion that the issuance of the second warrant constituted a renewal of the action rather than a commencement of a second one. It would seem that the rationale of the cases is that when there is a compliance with the condition, the grant of a provisional remedy marks the commencement of an action, but where the condition has not been fulfilled "the action falls, and with it the provisional remedy".

The undertaking filed February 24, 1928, was for $3,932.55. Under § 907, N.Y.Civil Practice Act, the state court fixes the amount of the undertaking, subject to

a minimum limitation of $250. There is no proof that the surety ever protested against the use of its undertaking on this second application for a warrant, the first one having failed of its purpose. The second year's premium on the undertaking was paid in May 1929. Judgment was not entered until July 12, 1929.

In view of the facts of this case, I am of the opinion that the one summons and complaint and the one undertaking which had been originally filed could properly form the basis of the second application for a warrant of attachment.

■ In an action against a non-resident to recover a sum of money only, there must be proof that a warrant of attachment, granted in the action, has been levied upon property of the defendant within the state before an order for publication may be obtained. N.Y.Civil Practice Act, § 232; Dimmerling v. Andrews, 236 N.Y. 43, 139 N.E. 774. As we have seen, the second warrant of attachment was properly issued and service was made upon the National City Bank on June 25, 1928.

■ Defendant contends that there was no proof that the National City Bank was indebted to the Russian Electric Company. The proof at best went to the existence of an alleged claim by the Russian Electric Company against the National City Bank because of certain payments the bank made from said account under a power of attorney, which had not been properly certified by the American Consul in Petrograd so as to make it admissible as evidence. The power might nevertheless have been valid. That was an issue on which the state court in an ex parte application could draw its own conclusions from the affidavits then presented. The validity of the power of attorney or similar powers may be involved also in the present action in this Court in aid of execution. Depositions have already been taken on that issue for use in this action. But the state court when issuing the order for publication of the summons in the main action, had enough before it on which to conclude that some property of the defendant in that action, Russian Electric Company, had been levied upon under the so-called second attachment served on the National City Bank on June 25, 1928. A prima facie proof was shown. The state court was not obliged to try and determine the validity of the claim alleged to have been attached, before issuing the order for service of the summons by publication. It

would seem that the degree of such proof would be an issue in a direct attack on the judgment in the State Court, but can not be questioned collaterally in this Court. Pennoyer v. Neff, 95 U.S. 714, 721, 24 L. Ed. 565; Thompson v. Thompson, 226 U.S. 551, 556, 33 S.Ct. 129, 57 L.Ed. 347.

The reasons assigned in subdivisions IV (1) (b) and (c) of defendant's notice of motion to dismiss the amended complaint are not borne out by the record before the Court.

The motion for summary judgment, dismissing the complaint, is denied; but the defendant is granted leave to amend its second amended answer and to file a supplemental answer.