LEFFERDINK STEEL SERVICE CORP., Plaintiff, *v.* BENJAMIN J. LIT, Defendant.

Supreme Court, Special Term, New York County, September 24, 1947.

*Irwin D. Lester* for plaintiff.

*Edwin R. Wolff* for defendant.

PECORA, J. Motion is made to vacate an order of publication dated July 24, 1947, to set aside service of the summons made pursuant to said order, and to vacate the warrant of attachment granted on June 26, 1947.

The action was commenced by the issuance of a warrant of attachment against the property of defendant, a nonresident. Defendant heretofore unsuccessfully moved to vacate the warrant of attachment. Pursuant to section 905 of the Civil Practice Act plaintiff was obliged to commence service of the summons by publication within thirty days from the granting of the warrant. Defendant obtained an order for service of the summons in the action by publication.

Under section 232 of the Civil Practice Act an order for service of summons by publication can be made in three types of action: Matrimonial actions, actions which concern specific real or personal property within the State and " Where a levy upon property of the defendant within the state has been made under a warrant of attachment granted in an action to recover a sum of money only." The instant action falls within the last category. Under section 232-a of the Civil Practice Act, dealing with persons against whom such an order for service by publication may be made, subdivision 5 specifies " a natural person and is not a resident of the state * * *." Defendant here is a nonresident.

Section 232-b provides that the order for service by publication must be predicated upon a verified complaint setting forth a cause of action specified in subdivision 1 or 2 of section 232 or showing a cause of action to recover a sum of money only together with proof that a levy has been made under a warrant of attachment.

The only serious attack made upon the validity of the order for service by publication here is that the proof contained in the affidavit of the attorney, upon which the order was granted,

is insufficient to show that a levy of the attachment upon property of the defendant within this State was made. In *Dimmerling* v. *Andrews* (236 N. Y. 43, 46) it was held that an order of publication in a case such as the present one may not be made " * * * except upon proof that his property has been seized."

The affidavit upon which the order of publication was granted contains the following statement with regard to the levy of property: " That on the 26th day of June, 1947, a warrant of attachment was duly issued in this action against the property of the defendant, and the Sheriff of the City of New York, New York County Division, has duly levied upon property of the defendant in the said County, under said warrant of attachment." Defendant urges that the foregoing statement constitutes no " proof " that a levy has been made. In Carmody on New York Pleading and Practice (Vol. 2, § 700, p. 1254), the author says: " A general statement that a warrant of attachment has been duly issued in said action against the property of the defendant, and that the sheriff of a certain county has duly levied upon property of the defendant in such county in said action under said warrant of attachment, is insufficient as proof."

In *Cole* v. *Nash Motors Co.* (131 Misc. 922) where the averment in the affidavit was practically the same as in the instant case, the court held it was insufficient upon which to grant the order of publication, that the defect was jurisdictional and could not be cured by supplying the proof at a later time. To the same effect see *Rome Trust Co.* v. *Cummings* (123 Misc. 884).

I find that the affidavit herein was therefore insufficient upon which to predicate an order of publication, since it did not comply with the requirement of proof of a levy of the attachment upon property of the defendant within this State. The order of publication must be set aside. It follows that service under the order was ineffective. Since more than thirty days have elapsed since the granting of the warrant of attachment, and no service has been made except as attempted under the invalid order of publication, the warrant of attachment must be vacated. The motion is accordingly granted. Settle order.