MABEL GOODALE et al., Plaintiffs, *v.* CENTRAL GREYHOUND LINES, INC., OF NEW YORK et al., Defendants.

Supreme Court, Special Term, Oneida County, July 19, 1949.

*Miller, Hubbell & Evans* for Anna V. Faust, as administratrix of the estate of Dorothy Roop, deceased, defendant.

*W. Irving Goldrich* for plaintiffs.

MALPASS, J. The defendant, Anna V. Faust, as administratrix of the estate of Dorothy F. Roop, deceased, has made this motion for an order dismissing the complaint '' on the ground that the court has not jurisdiction of the person of the defendant, Anna V. Faust as administratrix of the estate of Dorothy F. Roop, deceased, and on the further ground that the cause of action set forth in the complaint did not accrue within the time limited by law for the commencement of an action thereon.'' The action arises out of an automobile accident which occurred near Sangerfield, in this State on August 28, 1945, in which accident a collision occurred between a bus owned by the defendant, Central Greyhound Lines, Inc., and an automobile owned by Dorothy F. Roop, deceased, operated by her husband, Samuel E. Roop, in which she was riding at the time of the accident.

Both Dorothy F. Roop and Samuel E. Roop died shortly after the accident and Anna V. Faust, a resident of the State of Pennsylvania, was appointed administratrix of the estates of each of these persons. The Central Greyhound Lines, Inc., of New York brought an action against Anna V. Faust as administratrix of the estates of Dorothy F. Roop and Samuel E. Roop and the plaintiffs in the instant action brought an action against Central Greyhound Lines, Inc., of New York and Anna V. Faust as administratrix of the estate of Samuel E. Roop, deceased. In each of these actions a motion was made by the defendant for a dismissal of the complaint upon the ground that the court did not have jurisdiction of the person of the defendant because of a defect in the service of the summons upon the defendant. The motion in each of these cases was granted and the complaint dismissed in memorandum decisions bearing date May 31, 1949. The instant motion is based upon the same grounds and the facts pertinent thereto are similar in all respects to those relating to the aforesaid motions except that in the instant action a warrant of attachment was granted upon application of the plaintiffs and an order for service of the summons by publication was granted.

The defendant asserts that the service of the summons was defective and that the court has not acquired jurisdiction of the person of the defendant for the reason that it does not appear that any proper levy had been made under the warrant of attachment on property of the defendant located within the State of

New York and that the order of publication was improperly made. Subdivision 3 of section 232 of the Civil Practice Act provides that an order for service of the summons by publication may be made " Where a levy upon property of the defendant within the state has been made under a warrant of attachment granted in an action to recover a sum of money only ". It is clear that a levy under an attachment must have been made prior to the granting of the order of publication. In *Dimmerling* v. *Andrews* (236 N. Y. 43, 46) the court, said: " Whatever may have been the former rule now no order of publication in an action to recover a sum of money only against a non-resident may be made except upon proof that his property has been seized ". An examination of the papers upon which the order of publication was granted show that on August 26, 1948, a warrant of attachment was procured by the plaintiffs and that on August 27, 1948, the order for service by publication was granted. The proof submitted at the time of the securing of the order of publication as to the fact that a levy under warrant of attachment had been made consisted of the affidavit of the plaintiffs, attorney and the Sheriff to the effect that " a levy under such warrant of attachment had been made ", without stating the pertinent facts as to the manner in which said levy was made. Such statements set forth in an affidavit do not constitute proof that a proper levy had been made. (*Lefferdink Steel Service Corp.* v. *Lit,* 190 Misc. 207; *Cole* v. *Nash Motors Co.,* 131 Misc. 922; *Rome Trust Co.* v. *Cummings,* 123 Misc. 884; *Steese* v. *Steese,* 140 Misc. 611.)

In addition to the general statements above referred to the Sheriff in an affidavit states: " that on August 27, 1948 in the city of Utica, New York he served a certified copy of warrant of attachment upon Alice Turtelot, clerk of the Surrogate's Court of the County of Oneida, New York by handing to and leaving with said Alice Turtelot a copy of the warrant and motion. The deponent knows Alice Turtelot personally as the Clerk of Surrogate's Court of Oneida County." The plaintiff contends that service of the warrant upon the Clerk of the Surrogate's Court of Oneida County was sufficient to constitute a levy under the warrant of attachment. This contention is untenable. Section 95 of the Surrogate's Court Act limits service on the clerk of the Surrogate's Court to " process issued from the surrogate's court ". There is no evidence that the clerk of the Surrogate's Court had any property belonging to the estate of Dorothy F. Roop in her possession. The title to the assets of

the estate of a deceased person rests in the administrator and no attempt was made to serve the warrant of attachment upon the administratrix in this action and the attempted levy was insufficient. (*Sauvage* v. *Sauvage,* 235 App. Div. 460.) There is no proof that the Sheriff took into his possession any personal property of the defendant which was capable of manual delivery.

In my opinion no proper levy was made under the warrant of attachment, the order of publication granted in the action was improper, the service of the defendant without the State in lieu of publication was defective and the court has not acquired jurisdiction of the person of the defendant.

The motion of the defendant should be granted and an order to that effect may be entered herein, without costs.